STATE of Missouri, Plaintiff–Respondent,

v.

Brent A. BALLINGER, Defendant–Appellant.

No. SD 29670.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 24, 2009.

Matthew Ward, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Mary H. Moore, Jefferson City, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Brent "Aaron" Ballinger ("Appellant") appeals his convictions of burglary in the second degree, section 569.170,[1] and two counts of stealing, section 570.030 RSMo Cum.Supp.2005, after a jury trial in Cedar

---

1. All statutory references are to RSMo 2000, unless otherwise provided.

2. Appellant's brief repeatedly indicates that Juror Number Three stated that Appellant "is a fellow that has been in *quite a bit* of trouble." According to the transcript, however, Juror Number Three stated that Appellant "is a fellow that has been in trouble," and that

County. The trial court sentenced Appellant to eight years imprisonment on each count with the sentences to be served concurrently. He now appeals alleging that the trial court abused its discretion by denying his request for a mistrial. We affirm.

Appellant was charged with second-degree burglary, stealing a motor vehicle, and stealing property valued at five-hundred dollars or more. During the State's voir dire, the venirepersons were asked if any among them could not agree to hear the case or participate in deliberations and come to his or her own conclusion about the burglary. Juror Number Three responded, in front of the venire panel,

> I don't know if it is exactly that question that this would be the answer to, but due to the fact that this is a fellow that has been in trouble, I had a son that had been in quite a bit of trouble in that same month that apparently this fella is accused of this. He committed suicide because he had been in a lot of trouble.[2]

When asked if she thought that would give her trouble in hearing the case, Juror Number Three replied, "I would have a really hard time of accusing anyone of anything." Appellant objected to her statement that "[h]e had been in trouble before" and requested a mistrial. The trial judge found her remark "innocuous enough" that it did not indicate she actually knew Appellant "had any kind of prior matters," and that "[t]he way she finished with it, [sic] indicated to [the judge] that

*her son* had been in "quite a bit of trouble" that same month. We assume this discrepancy was merely an oversight by Appellant's counsel and not a blatant attempt to mislead us, but nevertheless encourage counsel to be more careful when making representations to this Court.

[Appellant had] been accused of this." Accordingly, the trial court denied Appellant's request for a mistrial. During Appellant's voir dire, Juror Number Three was again asked if she could "put everything aside and be fair?" She reiterated that she could not accuse Appellant of anything and stated, "I saw he had tears in his eyes when I was talking a while ago, so he has to have some good in him." Juror Number Three was subsequently dismissed at the request of the State, and the jury selected from the remaining panel found Appellant guilty on all three charges.

■■■ A mistrial is a drastic remedy that should only be granted when prejudice to the defendant cannot otherwise be removed. *State v. Goff,* 129 S.W.3d 857, 866 (Mo. banc 2004). The decision to grant or deny a request for mistrial is left to the sound discretion of the trial court because it is in the best position to observe the impact of the problematic incident, and its ruling will not be overturned absent an abuse of discretion. *State v. Mitchell,* 41 S.W.3d 574, 580 (Mo.App. S.D.2001). Prejudicial answers by a particular venireperson do not require dismissal of the entire panel unless they were so inflammatory and prejudicial as to infringe upon the defendant's right to a fair trial. *State v. Thompson,* 985 S.W.2d 779, 789 (Mo. banc 1999).

■■■ Juror Number Three's comments do not arise to the level of so inflammatory and prejudicial as to deny Appellant's right to a fair trial. We note that the panel had been informed by the State, prior to the challenged question and answer, of the date the burglary took place. The jurors were asked if they had any recollection of the events in that time period. Juror Number Three's comments merely expressed that her son had been accused of certain things during the same month in

which Appellant was accused of burglary and stealing, and that it would be difficult for her to accuse anyone of anything in light of the circumstances surrounding her son's death. She gave no indication that she had formed an opinion as to Appellant's guilt, nor did she demonstrate any particularized knowledge of Appellant that would lead other jurors to give her comments any weight. *State v. Sprinkle,* 122 S.W.3d 652, 669 (Mo.App. W.D.2003).

Furthermore, in comparison to comments made in other cases where mistrials were deemed properly denied, we cannot say that Juror Number Three's comments were so inflammatory and prejudicial that they infringed upon Appellant's right to a fair trial. *See, e.g., State v. Kelley,* 83 S.W.3d 36, 42 (Mo.App. W.D.2002) (holding that a venireperson's comments that he knew about the defendant and therefore could not be impartial were vague as to what he knew about the defendant, did not refer to prior bad acts, nor indicate a negative view of the defendant, and therefore did not warrant a mistrial); *Thompson,* 985 S.W.2d at 789–90 (holding that the trial court's decision to not dismiss the venire panel after the prosecutor asked a juror if he already presumed the defendant was guilty was correct because the remarks were not so inflammatory or prejudicial as to require reversal); *State v. Evans,* 802 S.W.2d 507, 514–15 (Mo. banc 1991) (holding that a venireperson's comment that "[e]verybody's got some kind of thoughts, what he did to this nine year old girl" was not so inflammatory or prejudicial that it required the jury panel be dismissed).

The trial court is in the best position to judge the impact of a comment made by a venireperson, and we will not disturb its judgment on appeal absent an abuse of discretion. *State v. Weekley,* 92 S.W.3d 327, 330 (Mo.App. S.D.2002). Finding no

abuse of discretion here, we affirm the judgment.

SCOTT, C.J., and LYNCH, P.J., concur.