# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3532

_____

Vanessa Chavero-Linares

*Plaintiff - Appellant*

v.

Timothy Smith; Kevin P. Donnelly; Sergeant Dennis Beadle; Janet Napolitano;
Richard Moore; John Doe; Sheriff David McDaniel

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 10, 2015
Filed: Monday, April 13, 2015

_____

Before BYE, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Vanessa Chavero-Linares, an immigration detainee, sued county and federal
officials after another inmate hit her with a plastic chair. The district court[1] dismissed

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for
the Northern District of Iowa.

the federal defendants under Federal Rule of Civil Procedure 12(b)(6), then granted summary judgment to the county defendants. She appeals both rulings. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Chavero-Linares was held at the Hardin County Correctional Center at the direction of Immigration and Customs Enforcement (ICE). In her complaint, she alleges that another inmate made derogatory and "threatening statements," which "alarmed" her. She also alleges that she reported them to sergeant Dennis Beadle; and after he "ignored her," she "called [ICE] Agent Kevin Donnelly, and he replied that he could not do anything either."

Within a week, the inmate threw a lightweight, plastic chair at her. In an affidavit, Chavero-Linares said the "assault caused a significant injury on my face," "a bruise in the same shape as the bottom part of the chair," "a great deal of head pain" for "at least two days," and residual "pain in my right cheek for about three weeks." She also said: "While I am not a doctor, I do believe that I did suffer a mild concussion." She took one pain pill. A contemporaneous photo shows an injury consistent with Beadle's observation of "a little red mark on her right cheek. There was no swelling or puffiness and no bleeding." Another officer said he did not complete an incident report "because the scratch was so minor, and because [she] was not upset, in pain, [and did not ask] for medical treatment."

Chavero-Linares brought four claims: failure-to-protect against Donnelly, Beadle, and Sheriff Timothy Smith; failure-to-train against Smith and ICE agent Richard Moore; substantive-due-process against Moore, Secretary of Homeland Security Janet Napolitano, and Sheriff David McDaniel; and, failure-to-have-a-custody-policy against Moore and McDaniel.

-2-

The court dismissed the federal defendants and granted summary judgment to the county defendants. The court also granted qualified immunity to Beadle, Donnelly, Moore, and Smith.

## II.

### A.

"Claims not raised in an opening brief are deemed waived." *Jenkins v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008). *See also Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 674 (8th Cir. 2012) (holding party waived issue "by failing to provide a meaningful explanation of the argument and citation to relevant authority in their opening brief" although "argument was perhaps foreshadowed by a heading located only in the table of contents of their opening brief, which otherwise contains no explanation of the argument or citation to relevant authority").

Chavero-Linares waived her claims against McDaniel, Moore, Napolitano, and Smith by not raising or meaningfully arguing them in her brief. She did not raise her claims for substantive-due-process or failure-to-have-a-custody-policy. *See Jenkins*, 540 F.3d at 751. She did not meaningfully argue her failure-to-train claim, mentioning it once in passing (and without mentioning the relevant defendants, Moore and Smith). *See Cox*, 685 F.3d at 674. And she did not meaningfully argue her failure-to-protect claim against Smith, mentioning him once—generically, in a section heading. *See id.*

### B.

This court reviews de novo the Rule 12(b)(6) dismissal of the failure-to-protect claim against Donnelly. *See id.* at 668. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

-3-

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). This court may affirm a dismissal on any basis supported by the record. ***Phipps v. F.D.I.C.***, 417 F.3d 1006, 1010 (8th Cir. 2005).

This court reviews de novo the grant of summary judgment to Beadle on the failure-to-protect claim. *See **Torgerson v. City of Rochester***, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **Fed. R. Civ. P. 56(a)**. "A properly supported motion for summary judgment is not defeated by self-serving affidavits. Rather, the plaintiff must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." ***Frevert v. Ford Motor Co.***, 614 F.3d 466, 473-74 (8th Cir. 2010) (internal quotation marks, citation, and alteration omitted). But, a court "must view the evidence in the light most favorable to the opposing party." ***Tolan v. Cotton***, 134 S. Ct. 1861, 1866, 1868 (2014) (per curiam) (internal quotation marks omitted) ("By weighing the evidence and reaching factual inferences contrary to Tolan's *competent evidence*, the court below neglected to adhere to the fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the nonmoving party." (emphasis added)).

"Prison officials have a duty to protect prisoners from violence at the hands of other prisoners." ***Holden v. Hirner***, 663 F.3d 336, 340-41 (8th Cir. 2011). "Without expressly answering this question, we have used *Farmer*'s subjective measure of deliberate indifference to evaluate Fourteenth Amendment claims by pretrial detainees against prison officials." ***Walton v. Dawson***, 752 F.3d 1109, 1117-18 (8th Cir. 2014) (footnote omitted). *See **Farmer v. Brennan***, 511 U.S. 825, 837 (1994). "To prove unconstitutional failure to protect from harm, [Chavero-Linares] must show (1) an 'objectively, sufficiently serious' deprivation, meaning that [she] was incarcerated under conditions posing a substantial risk of serious harm, and (2) that the defendant was deliberately indifferent to the substantial risk of serious harm."

***Schoelch v. Mitchell***, 625 F.3d 1041, 1046 (8th Cir. 2010), *quoting **Farmer***, 511 U.S. at 834. "The second requirement is a subjective test; the defendant must be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" ***Id.***, *quoting **Farmer***, 511 U.S. at 837. Chavero-Linares "must show that the harm [she] suffered from [the defendant's] alleged failure to protect [her] was objectively serious." ***Id.*** at 1047.

The court properly dismissed Donnelly. Accepting the allegations as true, Chavero-Linares does not state a plausible claim. The allegations establish that she "called" Donnelly and imply that she told him about the "threatening statements," which "alarmed" her. On its face, this does not establish that Donnelly was made "aware of facts from which the inference could be drawn that a *substantial risk* of *serious harm* exists." ***Id.*** at 1046 (emphases added). Chavero-Linares does not allege, for example, that she feared bodily injury or that she requested the inmate be moved.[2] *See **Young v. Selk***, 508 F.3d 868, 873 (8th Cir. 2007) (affirming denial of summary judgment to corrections officers when inmate "testified that he told both the officials that he had been threatened by [another inmate], that his circumstances were urgent, that he needed to be moved immediately, and that it was an emergency").

The court properly granted summary judgment to Beadle. The contemporaneous photo shows an injury consistent with Beadle's observation of "a little red mark on her right cheek." Chavero-Linares treated it with one pain pill and did not request medical attention. No reasonable jury could find such harm was "objectively serious." *See **Schoelch***, 625 F.3d at 1047. She fails to "substantiate

---

[2]After the court denied a motion to amend the dismissal (which Chavero-Linares does not appeal), she filed her Resistance to Summary Judgment. In an attached affidavit, Chavero-Linares said she asked Donnelly to move the inmate before the chair incident. In her appellate argument about the failure-to-protect claim against Donnelly, Chavero-Linares relies exclusively on her allegations in the complaint.

allegations" of bruising or a mild concussion with any "probative evidence that would permit a finding in [her] favor." *See Frevert*, 614 F.3d at 473-74 (internal quotation marks omitted). Chavero-Linares mistakenly relies on excessive force cases to argue that she need not prove a serious injury. *See Schoelch*, 625 F.3d at 1047 ("The objective standard that must be satisfied in a conditions-of-confinement claim differs from that applicable in the excessive force context, where the malicious and sadistic use of force by *prison officials* always violates 'contemporary standards of decency.'" (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)).

Alternatively, the court correctly found that Donnelly and Beadle were entitled to qualified immunity because Chavero-Linares fails to establish that they violated her constitutional rights. "Qualified immunity shields a public official from suit for civil damages when his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1058 (8th Cir. 2013) (internal quotation marks omitted).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____