# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1140

_____

James Lee Blair-Bey

*Plaintiff - Appellant*

v.

State of Iowa; Patti Wachtendorf; Paul Gager; Berl Wilcox; Dave Rhodes; Doug Beavers; Charles Waterman; Randy Gibbs; STG Originator-Anamosa; STG Steering Committee Members

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: July 20, 2018
Filed: July 25, 2018
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Iowa inmate James Blair-Bey appeals after the District Court[1] dismissed his 42 U.S.C. § 1983 complaint preservice under 28 U.S.C. § 1915A. In his complaint, Blair-Bey asserted an access-to-courts claim, an equal protection claim, and due process claims, including a claim that he was wrongfully classified as a member of a "security threat group."

After de novo review, we conclude that dismissal was proper. See Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (standard of review); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting that under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face"); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (noting there is no due process protection for prisoner classification); Ballinger v. Cedar Cty., 810 F.3d 557, 562–63 (8th Cir. 2016) (discussing elements of a prisoner due process claim); Bear v. Fayram, 650 F.3d 1120, 1122–23 (8th Cir. 2011) (discussing elements of an access-to-courts claim); Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 815 (8th Cir. 2008) (discussing elements of a prisoner equal protection claim).

We affirm the judgment of the District Court.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.