# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3722

_____

Nuri Liseth Agreda Najera; Nuri Aracely Lopez Agreda; Liliana Liseth Lopez Agreda

*Petitioner*s

v.

Matthew G. Whitaker,[1] Acting Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 17, 2018
Filed: December 27, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Nuri Liseth Agreda Najera ("Najera"), Nuri Aracely Lopez Agreda ("Nuri"), and Liliana Liseth Lopez Agreda ("Liliana") (collectively "Petitioners") petition for

_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Matthew G. Whitaker has been automatically substituted as a party.

review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of Petitioners' applications for asylum and withholding of removal under the Immigration and Nationality Act. *See* 8 U.S.C. §§ 1158 and 1231(b)(3)(A); 8 C.F.R. § 1208.16.[2] We deny the petition.

On January 4, 2016, Petitioners applied for admission to the United States at a valid port of entry. After the Department of Homeland Security charged them as subject to removal because they were not in possession of a valid entry document, Najera applied for asylum and withholding of removal with her two daughters Liliana and Nuri as derivative beneficiaries.

Najera testified that while in El Salvador she was in a physically and sexually abusive relationship with her husband, Rodolfo Antonio Lopez Flores ("Rodolfo"). In 2012, Najera moved to her mother's house to escape the abuse. From 2012 until Najera left El Salvador in 2015, she and her daughters lived with her mother. During this time, Rodolfo visited her, verbally (but not physically) harassed her, and threatened her with gang violence if she did not agree to give him their daughters. She had no contact with Rodolfo during her last three months in El Salvador.

The IJ rendered an oral decision, denying the applications for asylum and withholding of removal. Najera appealed to the BIA, arguing that she was and would be persecuted as a member of a particular social group and that the Salvadoran government was unable and unwilling to control Rodolfo. The BIA determined that she had failed to establish that she was a member of her proposed particular social group and dismissed her appeal. The BIA also concluded that the government of El

---

[2]Najera also applied for protection under the Convention Against Torture ("CAT"). But Najera's petition for review to this court did not address the BIA's denial of her request for protection under CAT, waiving that issue. *See Chavero-Linares v. Smith*, 782 F.3d 1038, 1040 (8th Cir. 2015) ("Claims not raised in an opening brief are waived.").

Salvador was not unable or unwilling to control Rodolfo. Najera petitioned this court for review.

Both the IJ and the BIA characterized Najera's proposed particular social groups as (1) Salvadoran women unable to leave domestic relationships and (2) Salvadoran women viewed as property by virtue of their status of being in domestic relationships. On appeal, Najera does not mention the second group, waiving any challenge to it. *See Chavero-Linares v. Smith*, 782 F.3d 1038, 1040 (8th Cir. 2015). Therefore, Najera's only remaining proposed social group on appeal is Salvadorean females unable to leave domestic relationships.[3]

"We review the BIA's decision for substantial evidence on the record as a whole and will uphold its factual findings unless the petitioner demonstrates that the evidence [the petitioner] presented not only supports a contrary conclusion but *compels* it." *Fuentes-Erazo v. Sessions*, 848 F.3d 847, 852 (8th Cir. 2017) (internal quotation marks omitted). "We review the BIA's legal determinations *de novo,* giving due deference to the BIA's interpretation of the statutes and regulations it administers." *Id.* "To the extent the BIA adopted the findings or reasoning of the IJ, we consider the two decisions together." *Id.*

An alien seeking asylum has the burden of proving her statutory eligibility as a refugee. 8 U.S.C. § 1158(b)(1)(B). A refugee is an alien who is "unable or unwilling to return" to her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *Hassan v. Ashcroft*, 388 F.3d 661, 666 (8th Cir. 2004). To qualify for withholding of removal, Najera bears

---

[3]On appeal, Najera identifies a new proposed social group: "females of El Salvador." This court lacks jurisdiction to review a newly defined social group not raised before the IJ. *Baltti v. Sessions*, 878 F.3d 240, 244 (8th Cir. 2017); 8 U.S.C. § 1252(d)(1).

"the even higher burden of demonstrating a clear probability that she will be persecuted on account of her membership in a particular social group." *Fuentes-Erazo*, 848 F.3d at 852 (internal quotation marks omitted).

Recent guidance from the Attorney General overruled *Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (BIA 2014), which had recognized "married women in Guatemala who are unable to leave their relationship" as a particular social group. *Matter of A-B-*, 27 I. & N. Dec. 316, 319 (U.S. Atty. Gen. 2018). Therefore, under *Matter of A-B-*, Najera's proposed particular social group of Salvadorean females unable to leave a domestic relationship may not be cognizable.

But even assuming that Najera's proposed particular social group is cognizable, Najera failed to establish her membership in it. Najera is not "unable to leave a domestic relationship" because she testified that she could and did leave her domestic relationship. In 2012, Najera left Rodolfo and lived with her mother until Najera left El Salvador in 2015. Najera did not testify that Rodolfo caused her any physical harm after she left him in 2012, and she had no contact with him for her last three months in El Salvador. Though Najera testified that Rodolfo threatened her with violence after 2012, his threats were related to custody of their daughters, not to whether Najera remained with him. In short, substantial evidence supports the BIA's finding that Najera failed to carry her burden of showing that she is a member of her proposed particular social group and that she was thus ineligible for asylum or withholding of removal. *See Fuentes-Erazo*, 848 F.3d at 853 (holding that petitioner failed to establish her membership in her proposed particular social group of "married women in Guatemala who are unable to leave their relationship[s]" because "she was, in fact, able to leave her relationship"); *see also Saldana v. Lynch*, 820 F.3d 970, 978 (8th Cir. 2016) (noting that the failure to meet the standard of proof for asylum necessarily results in a failure to meet the higher standard of proof for withholding of removal).

We deny the petition for review.

_____