

# Missouri Court of Appeals
## Southern District

### In Division

HOWARD ROBERTS,           )
                               )
    Movant-Respondent,           )
                               )
v.           )     Nos. SD38530 & 38579
                               )     Filed:  August 29, 2025
STATE OF MISSOURI,           )
                               )
    Respondent-Appellant.           )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable David C. Jones, Senior Judge

### APPEAL DISMISSED AND CASE REMANDED WITH INSTRUCTIONS

The State of Missouri appeals from an "Amended Order and Judgment" (Amended Order) purporting to grant an amended Rule 29.15 motion for post-conviction relief brought by Howard Roberts (referred to as defendant Roberts or Movant).[1]  In the Amended Order,[2]

---

[1]  All rule references are to Missouri Court Rules (2018), unless otherwise specified. All statutory references are to RSMo Cum. Supp. (2013).

[2]  With respect to the Amended Order, the requirement of Rule 74.01(a) that an order be denominated as a judgment or decree to be appealable does not apply to a Rule 29.15 or Rule 24.035 proceeding.  *See Wise v. State*, 219 S.W.3d 270, 272 (Mo. App. 2007). An order sustaining or overruling a Rule 29.15 or Rule 24.035 motion "shall be deemed a final judgment for purposes of appeal by the movant or the state."  Rule 29.15(k); Rule 24.035(k); *Sanford v. CenturyTel of Missouri, LLC*, 490 S.W.3d 717, 722 (Mo. banc 2016).

the motion court: (1) addressed only two of Movant's six viable claims and granted those two claims; (2) vacated Movant's felony conviction and sentence and ordered the matter be reset for a new trial; and (3) ordered Movant be "immediately released" from the Department of Corrections (DOC) during the pendency of the appeal.

The State argues, *inter alia*: (1) this appeal must be dismissed because the Amended Order is not a final judgment; and (2) the motion court "clearly erred in ordering that Movant be 'immediately released' from the [DOC]" while the State's appeal is pending. We agree with both arguments. Therefore, we dismiss this appeal and remand with instructions for the motion court to vacate the order authorizing Movant's release during the pendency of the appeal.

*Factual and Procedural Background*

By amended felony information, defendant Roberts was charged with violating § 570.145 by "misrepresent[ing] the validity of a stock purchase agreement" and thereby knowingly obtaining control of at least $50,000 belonging to the victim. The Honorable David Jones was the trial judge. Prior to trial, defendant Roberts waived jury sentencing.

Following a jury trial, defendant Roberts was convicted of the class A felony of financial exploitation of an elderly person. Thereafter, defendant Roberts' trial counsel filed a motion for judgment notwithstanding the verdict (JNOV) or for a new trial. This motion challenged the sufficiency of the evidence and raised four alleged trial court errors. On June 22, 2018, the trial court conducted a hearing, during which he denied defendant Roberts' post-trial motion and proceeded to sentencing. The State requested a "10-year sentence" and defendant Roberts' trial counsel requested that he be "supervised on probation[.]" The trial court ultimately imposed a sentence of 20 years' imprisonment.

Defendant Roberts appealed his conviction to this Court. In one point on appeal,

defendant Roberts argued that the trial court erred in overruling the motion for JNOV or a new trial due to insufficiency of the evidence. No challenge was presented to the length of defendant Roberts' sentence. We affirmed his conviction and sentence on direct appeal by order and memorandum, *State v. Roberts*, No. SD35583 (Mo. App. filed Aug. 7, 2019). Our mandate issued on November 21, 2019.

On February 7, 2020, defendant Roberts filed a timely original motion for post-conviction relief pursuant to Rule 29.15. This proceeding was assigned to Judge Jones as the motion court judge. On February 13, 2020, retained counsel filed an entry of appearance. Following two requested and granted 30-day extensions, counsel timely filed an amended motion.[3] The amended motion listed 10 claims of ineffective assistance of counsel. None of the claims addressed Movant's sentence.

In November 2023, the motion court held an evidentiary hearing on the amended motion. At the hearing, Movant abandoned four of his 10 claims, leaving six viable claims for decision.[4]

On April 18, 2024, the motion court entered an order (the original order) containing its findings of fact and conclusions of law that explained why all six of Movant's viable claims were denied.[5] Accordingly, the motion court denied Movant's amended Rule 29.15

---

[3] This Court has independently verified the timeliness of Movant's post-conviction motions. *See Moore v. State*, 458 S.W.3d 822, 825-26 (Mo. banc 2015); *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012).

[4] Movant specifically abandoned Claims "3, 5, 8 and 9." The remaining non-abandoned, viable claims included Claims 1, 2, 4, 6, 7 and 10.

[5] The motion court also denied the abandoned claims, although not required to do so. *Dougherty v. Missouri Dep't of Soc. Servs.*, 585 S.W.3d 355, 359 (Mo. App. 2019) (abandoned claims need not be addressed).

motion to vacate his conviction. Judge Jones, however, was concerned about Movant's "lengthy" sentence. Acting as motion court judge, he vacated Movant's sentence and ordered that the matter be reset for a new sentencing hearing. The motion court also ordered that "[s]ince both sides may seek appellate review of this judgment which could delay that resentencing," that Movant be "released immediately" from the DOC and supervised by pretrial services pending resentencing.

Because the motion court vacated Movant's sentence and required resentencing, the State intended to appeal from the original order entered on April 18, 2024. The State's first notice of appeal was filed on May 20, 2024. This notice, however, was premature. An order sustaining or overruling a Rule 29.15 motion does not become final until at least 30 days after entry, pursuant to Rule 75.01 and Rule 81.04(a). *See, e.g.*, ***Eastburn v. State***, 400 S.W.3d 770, 773 (Mo. banc 2013) (noting that, pursuant to Rule 75.01, a motion court retains authority over a Rule 29.15 proceeding for 30 days after a judgment is entered because its judgment is not yet final); ***Fuller v. State***, 485 S.W.3d 768, 770-71 (Mo. App. 2016).[6]

Pursuant to Rule 81.05, a motion court's authority over the judgment is extended if an authorized after-trial motion is filed. *See* ***Elston v. State***, 683 S.W.3d 345, 347 n.2 (Mo. App. 2024) (applying Rule 81.05 to a Rule 24.035 proceeding); ***Crowder v. State***, 191 S.W.3d 99, 101 (Mo. App. 2006) (applying Rule 81.05 to a Rule 29.15 proceeding). Rule 81.05(a) states:

> **(a) Finality as Affected by After-Trial Motions**. For the purpose of ascertaining the time within which an appeal may be taken:

---

[6] Rule 75.01 has been amended, effective July 1, 2025, to reference a new Rule 81.045, which provides a process to shorten this 30-day period for finality, an exception that is not applicable here. *See* Rules 75.01 and 81.045, Missouri Court Rules (2025).

(1) A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed.

(2) If a party timely files an authorized after-trial motion, the judgment becomes final at the earlier of the following:

(A) Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or

(B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later.

*Id*. A motion to amend the judgment is an authorized after-trial motion. *See* Rule 78.04; ***Cole v. Kansas City S. Ry. Co.***, 713 S.W.3d 180, 193-94 (Mo. banc 2025). Rule 78.04 states that "[a]ny motion for new trial and any motion to amend the judgment or opinion shall be filed not later than thirty days after the entry of judgment." On May 20, 2024, Movant filed a motion to amend asking the motion court to reconsider and grant Movant's claims.[7] The basis for this motion was that the motion court had denied all of Movant's claims, but the court nonetheless vacated Movant's sentence. The motion court then had 90 days to rule on Movant's motion. *See* Rule 81.05(a)(2)(A).

On June 6, 2024, the motion court filed the Amended Order granting two of the six viable claims. None of the other four viable claims were identified or addressed. The Amended Order vacated both Movant's conviction and sentence and ordered the matter reset for a new trial. "In the interim," the motion court ordered Movant be "immediately released" from the DOC, comply with pretrial supervision, and "remain free" during any appeal:

---

[7] The original order was entered on April 18, 2024. The 30th day after entry was May 18, 2024, which was a Saturday. In relevant part, Rule 44.01(a) states that "[t]he last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday." Accordingly, Movant's motion to amend was timely filed on Monday, May 20, 2024.

Movant is hereby ordered to be **immediately released** from the [DOC]. Pending that new trial, Movant is hereby released on his own recognizance and shall report to the 31st Circuit pretrial service office for supervision within 96 hours following his release from the [DOC]. While on pretrial supervision, Movant shall comply with all lawful directives of the Pretrial Services officer and shall have no contact with the victim's family or the State's witnesses. ….

If the State pursues its appeal or if Movant appeals this decision, Movant shall remain free under the same terms and conditions of release as set forth herein unless the Court of Appeals directs this Court to impose further conditions of release.

(Emphasis in original.) The State, after already filing a first notice of appeal from the original order, filed a second notice of appeal from the Amended Order. The two appeals have since been consolidated herein.

*Standard of Review*

Generally, our review of a motion court's order on a Rule 29.15 motion is limited to determining whether the motion court's findings of fact and conclusions of law are "clearly erroneous." Rule 29.15(k); *Flaherty v. State*, 694 S.W.3d 413, 416 (Mo. banc 2024).

[A]n appellate court can overrule the motion court's judgment after an evidentiary hearing if it is based on: (1) a mistake of law, (2) a factual finding for which there was insufficient evidence, or (3) a factual finding for which there was sufficient evidence but which the appellate court, nevertheless, finds was clearly erroneous, i.e., the appellate court on the whole of the evidence is left with a definite and firm conviction that a mistake has been committed.

*Flaherty*, 694 S.W.3d at 418. Whether we have authority to hear an appeal is "a question of law that we review *de novo*." *Dougherty v. Missouri Dep't of Soc. Servs.*, 585 S.W.3d 355, 358 (Mo. App. 2019); *see Tresler v. State*, 590 S.W.3d 428, 430 (Mo. App. 2019) (as a preliminary matter, we must first address whether we have authority to hear this appeal, *i.e.*, whether there is a "final, reviewable judgment").

*Dismissal for Lack of a Final Appealable Order*

The State first argues that this appeal must be dismissed for lack of a final appealable order. We agree.

Section 512.020 provides that an aggrieved party may appeal a "final judgment" in a civil case, absent any constitutional or statutory prohibitions. *Id*. "A final judgment is one that resolves all claims and issues in a case, leaving nothing for future determination." *Green v. State*, 494 S.W.3d 525, 527 (Mo. banc 2016).[8] "A final judgment is a prerequisite for appeal." *Bryan v. State*, 536 S.W.3d 808, 809 (Mo. App. 2018). "Absent a final judgment, there is no appellate review and the appeal must be dismissed." *Id*.; *Huckleberry v. State*, 674 S.W.3d 801, 803 (Mo. App. 2023). For a judgment in a post-conviction action to be final, it must show that the motion court adjudicated each pleaded claim. *Green*, 494 S.W.3d at 532-33; *Bryan*, 536 S.W.3d at 809.

Here, the motion court identified "Claims 6 and 7" and found both were "well taken." The court did not identify any of the other four remaining claims presented in the amended motion. Specifically, Claims 1, 2, 4 and 10 were not acknowledged and decided. *See Bryan*, 536 S.W.3d at 809. As such, the Amended Order adjudicated some, but not all, of the claims of ineffective assistance of counsel raised in Movant's amended post-conviction motion. *Id*. When a motion court fails to "acknowledge, discuss, or dispose" of all claims asserted in a motion for post-conviction relief, the judgment is not final and the appeal must be dismissed. *Green*, 494 S.W.3d at 532-33; *Huckleberry*, 674 S.W.3d at 803; *Bryan*, 536 S.W.3d at 809.

---

[8] *Green* was superseded by rule on another ground, as stated in *Creighton v. State*, 520 S.W.3d 416, 423 n.8 (Mo. banc 2017); *see* Rule 29.15(g).

We are unpersuaded by Movant's two arguments to the contrary. Movant first argues that the State waived its assertion that the Amended Order is not final and appealable by failing to file a Rule 78.07(c) motion to amend the judgment. That is incorrect. In *Green*, our Supreme Court expressly held that the motion court's "failure to dispose of or adjudicate" all the claims in a case "cannot" be addressed by a Rule 78.07(c) motion to amend. *Green*, 494 S.W.3d at 530. Instead, "[f]or Rule 78.07(c) to apply, two situations must be present": (1) "there was a final judgment under Rule 74.01(b) because the motion court disposed of all claims"; and (2) "the motion court did not make required findings of fact and conclusions of law on all claims[.]" *Id*. at 532. The Court concluded that, because the motion court there failed to dispose of all the claims and issues in the case, "Rule 78.07(c) [did] not apply[.]" *Id*. at 529. We reach the same conclusion here. Because the Amended Order did not dispose of all claims, it is not a final judgment and Rule 78.07(c) does not apply. *Green*, 494 S.W.3d at 532-33.

Movant next argues "if the [Amended Order] is not final then the remedy would be to remand for reinstatement of the [original order requiring Movant's] resentencing, which the State does not challenge." This argument is also incorrect. It is well settled that "when a trial court enters an amended judgment, the original judgment is vacated in its entirety and becomes a nullity." *Southside Ventures, LLC v. La Cross Lumber Co.*, 574 S.W.3d 771, 781 (Mo. App. 2019); *see, e.g.*, *State ex rel. Missouri Parks Ass'n v. Missouri Dep't of Nat. Res.*, 316 S.W.3d 375, 384 (Mo. App. 2010) (net effect of court's actions is that the initial judgment and first-amended judgment "were each rendered a nullity upon entry of a subsequent judgment"; the second-amended judgment is the only judgment in the case); *see also* Rule 78.07(d) (unless otherwise specified, "an amended judgment shall be deemed a new judgment for all purposes"). Here, the motion court clearly issued the Amended

Order in this case. That act vacated the original order in its entirety and rendered it a "nullity." *See Southside Ventures*, 574 S.W.3d at 781. The Amended Order is all that remains for us to evaluate for finality. *See State ex rel. Missouri Parks Ass'n*, 316 S.W.3d at 384. Because the Amended Order did not dispose of all claims, it is not final and the appeal must be dismissed. *Green*, 494 S.W.3d at 532-33; *see also Huckleberry*, 674 S.W.3d at 803; *Tresler*, 590 S.W.3d at 430; *Bryan*, 536 S.W.3d at 809.

*We also Vacate the Portion of the Amended Order Requiring*
*Movant's Release during Pendency of the Appeal*

While we do not reach the merits of this appeal, we must address the State's argument with respect to the motion court's order that Movant be released under pretrial supervision during the pendency of the appeal.[9] The State's last point argues that the motion court "clearly erred" in entering such an order. According to the State, "the court did not have authority to do so," because, *inter alia*, "Rule 30.17 provides that a defendant shall 'remain in custody' during the pendency of the State's appeal from an order entered in a Rule 29.15 proceeding." We agree.

As an initial matter, Rule 29.15(j) defines the scope of relief that may be issued by the motion court in a post-conviction proceeding:

> If the court finds that the judgment was rendered without jurisdiction, that the sentence imposed was illegal, or that there was a denial or infringement of the rights given movant by the constitution of Missouri or the constitution of the United States as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall

---

[9] Movant's efforts to enforce this order resulted in contempt proceedings in the lower court and culminated in a preliminary writ entered by this Court prohibiting the motion court from taking any further action besides vacating its contempt order against DOC. *State ex rel. Foley v. Jones*, SD38614 (preliminary writ issued Aug. 12, 2024). In response to this Court's preliminary writ, the motion court vacated its contempt order and recused itself from the proceeding. Thereafter, this Court quashed its preliminary writ of prohibition and denied the petition for the same as moot.

discharge the movant or resentence the movant or order a new trial or correct the judgment and sentence as appropriate.

*Id*. Thus, pursuant to Rule 29.15(j), if the motion court vacates a criminal judgment, the court may: (1) discharge the movant; (2) resentence the movant; (3) order a new trial; or (4) correct the judgment and sentence, as appropriate. *Id*. The motion court in this case not only ordered a new trial, but also ordered Movant's immediate release and that he "remain free" under pretrial supervision during an appeal.

Because the State timely appealed, the motion court's Amended Order falls directly within the scope of Rule 30.17. This rule governs an appeal by the State and disposition of a defendant during that appeal. Specifically, Rule 30.17 prohibits a court from releasing a defendant in custody during the pendency of an appeal "taken by the state from an order entered in a proceeding under Rule 24.035 or Rule 29.15[.]" Rule 30.17. Unlike an appeal by the State in other matters, Rule 30.17 requires that the defendant "remain in custody" during a State's appeal in a post-conviction proceeding:

> If an appeal is taken by the state, such appeal shall not stay the operation of an order or judgment in favor of the defendant. If the judgment of the trial court is reversed, the defendant may be arrested upon a warrant and brought before the trial court for trial or for judgment or for such other proceedings as the case may require.
>
> This Rule 30.17 shall not apply to an appeal taken by the state from an order entered in a proceeding under Rule 24.035 or Rule 29.15, but in such a case, *if the defendant is in custody, he shall **remain in custody** during the pendency of the appeal.*

Rule 30.17 (emphasis added).

Reviewing the plain and unambiguous language of Rule 30.17, the meaning of the final sentence of this rule is clear: if the State appeals from an order entered in a proceeding under Rule 29.15, a defendant who was in custody "shall remain in custody during the

pendency of the appeal." Our Supreme Court described this rule in terms of an "automatic stay" of the post-conviction judgment upon appeal in *State ex rel. Bailey v. Sengheiser*, 692 S.W.3d 20, 24 n.7 (Mo. banc 2024). The Court explained that "[w]hen the defendant is in custody, Rule 30.17 authorizes an automatic stay of a judgment upon appeal taken by the State from a judgment entered in a proceeding to vacate and set aside a conviction under Rules 24.035 and 29.15." *State ex rel. Bailey*, 692 S.W.3d at 24 n.7.

In *Ballinger v. Cedar Cnty., Mo.*, 810 F.3d 557, 561-62 (8th Cir. 2016), the Eighth Circuit Court of Appeals similarly construed Rule 30.17 and its exception, which "*does* stay the operation of the order" vacating a criminal conviction under Rule 29.15 and requires the defendant to remain "a prisoner" while the appeal is pending:

> We read the rule's exception plainly to provide that an appeal by the state from an order under Rule 29.15 *does* stay the operation of the order. Here, the state court judge vacated Ballinger's judgment and sentence in an order entered in a proceeding under Rule 29.15, and the state appealed. Because the order was stayed by the appeal and Ballinger's conviction and sentence were not in fact vacated, he remained a prisoner while the appeal was pending and did not regain the status of a pretrial detainee.

*Ballinger*, 810 F.3d at 561-62 (emphasis in original). We agree with the reasoning of the *Ballinger* Court. As required by Rule 30.17, because the State timely appealed the motion court's Amended Order granting post-conviction relief under Rule 29.15, that order is stayed and does not operate to vacate Movant's conviction during the pendency of the State's appeal. *Ballinger*, 810 F.3d at 561-62; *State ex rel. Bailey*, 692 S.W.3d at 24 n.7. Similarly, because Movant was in custody of the DOC, he was to "remain" in custody in the DOC – as a prisoner, the same custody as before the appeal. Rule 30.17; *Ballinger*, 810 F.3d at 561-62.[10] It is only *after* the appeal when a post-conviction judgment granting

---

[10] It is for this reason we reject Movant's argument that his "immediate, conditional release" complies with Rule 30.17 because he is still "in custody" subject to conditions set

relief becomes final, that the underlying criminal judgment is vacated and, in cases where the motion court orders a new trial such as this one, the defendant returns to the status of a pretrial detainee. *See Ballinger*, 810 F.3d at 560-61. At that point, the trial court presiding over the criminal case – no longer the motion court – would have authority to set conditions of release under Rule 33.01. *See* Rule 33.01(a), Missouri Court Rules (2025) (stating that a defendant is entitled to release from custody pending trial or other stage of the criminal proceedings).

Thus, the language of Rule 30.17 is clear and applies directly to Movant. Movant must remain in custody of the DOC during the pendency of the State's appeal.

We reject as meritless Movant's contrary argument. He argues his "immediate, conditional release" is authorized by Rule 29.15(j) to "discharge" Movant. We disagree. Generally, an order of a defendant's "discharge" has the effect of foreclosing any further prosecution of the defendant on a particular charge. *See, e.g.*, *State v. Burpo*, 670 S.W.3d 439, 444 (Mo. App. 2023) (because the State failed to adduce sufficient evidence from which the jury could reasonably have found the defendant guilty of the attempt to manufacture marijuana, we reversed the conviction and remanded with instructions to enter a judgment discharging the defendant on this offense). That is not what happened in Movant's Rule 29.15 proceeding. After the motion court vacated Movant's conviction and sentence, the court ordered a new trial – not a discharge. Movant nevertheless argues that the fact that the drafters included the discharge option in Rule 29.15(j) means Movant is still "plainly entitled to consideration for conditional discharge anyway as a pretrial detainee[.]" The argument that Movant is entitled to a "conditional discharge" is a *non*

---

by pretrial services. As explained, Rule 30.17 requires that Movant must "*remain* in custody" – stay in the same custody of the DOC as before the appeal.

*sequitur*. A defendant either is, or is not, discharged. There is no in-between state of "conditional" discharge. Because relief of a new trial was granted in a Rule 29.15 proceeding, Rule 30.17 prohibits Movant from being released on appeal.[11] Accordingly, the motion court clearly erred in ordering that Movant be "immediately released" and "remain free" under pretrial supervision during the pendency of the State's appeal in this post-conviction proceeding.[12] The State's last point is granted.

For all the aforementioned reasons, the appeal is dismissed for lack of a final judgment, and the case is remanded to the motion court to vacate its order that Movant be released during the pendency of the State's appeal.

JEFFREY W. BATES, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, C.J. – CONCUR

BECKY J. WEST, J. – CONCUR

---

[11] We note that *any* relief, including discharge, ordered under Rule 29.15(j) is automatically stayed during the State's appeal by Rule 30.17, prohibiting a defendant's release until after the appeal when the post-conviction judgment granting relief becomes final. *See* **State ex rel. Bailey**, 692 S.W.3d at 24 n.7.

[12] With respect to the State's appeal, Movant also argues that:

> [T]he State did not initiate an appeal until 40 days after the motion court's order to immediately release [Movant]. During that time, no one sought a stay. Had DOC "immediately released" [him] as the [Amended Order] required, he would not have been "in custody" of DOC when the State filed its notice appeal. Therefore, Rule 30.17's plain text would not have applied.

We reject these arguments because: (1) the stay is "automatic" as explained in **State ex rel. Bailey**, 692 S.W.3d at 24 n.7; (2) the State's appeal from the Amended Order was timely; and (3) Rule 30.17 applies, requiring Movant to remain in custody of the DOC during the appeal.