Catherine NDEGWA and Catherine Ndegwa and Anale Mrema, as legal co-guardians for John Mrema, Respondents,

v.

KSSO, LLC, Appellant,

and

IndyMac Bank, Integrity Land Title Company, Inc., John Friganza, Collector of Revenue for St. Louis County, Missouri, and St. Louis County, Defendants.

No. SC 92169.

Supreme Court of Missouri, En Banc.

July 3, 2012.

Elizabeth K. Thompson, St. Louis, for Respondents.

Phillip K. Gebhardt, Gebhardt Real Estate and Legal Services LLC, DeSoto, for Appellant.

ZEL M. FISCHER, Judge.

This is an appeal from the St. Louis County circuit court's entry of partial summary judgment awarding quiet title to the property located at 10960 Warwickhall in Bridgeton to Catherine Ndegwa as trustee of the Mrema family revocable trust. KSSO, LLC, asserts that the circuit court improperly entered summary judgment in favor of Ndegwa and the trust because there was a sufficient question of material fact as to whether KSSO complied with the requirements of § 140.405, RSMo Supp. 2006,[1] by providing Ndegwa with timely and sufficient notice. This Court ordered transfer after opinion by the court of appeals and, therefore, has jurisdiction. Mo. Const. art. V, sec. 10. Because this Court finds that there is no final appealable judgment in this case, this appeal is dismissed.

## FACTS

In 1997, Ndegwa and John Mrema, a married couple, acquired the property legally described as "Lot 253 of Westhaven Plat Eight," according to the plat thereof recorded in the St. Louis County records.

In 2004, Ndegwa and Mrema obtained a $98,000 loan on the property from IndyMac Bank,[2] evidenced by a promissory note and secured by a deed of trust. However, the deed mistakenly describes the property as being Lot 252, not 253, of Westhaven Plat Eight, but does contain the correct street address.

In 2004, 2005, and 2006, the real estate taxes on the property were not paid.[3]

On August 27, 2007, John Friganza, the St. Louis County collector of revenue offered for first sale[4] a tax sale certificate of

---

1. Unless noted otherwise, all further statutory citations are to RSMo Supp. 2006.

2. One West Bank is the successor of the interest in the property originally held by IndyMac Bank, but for simplicity, this opinion will continue to refer to IndyMac as the interest holder.

3. Ndegwa and Mrema allege in their petition that they paid money into an escrow account with IndyMac and that IndyMac was to use some of this money to pay taxes on the property.

4. Because this is a first sale case, it is governed by the statutory standards for first and second sales as set forth in the statutes described in this opinion. Third sale cases are governed by different rules than first and second sales and are not addressed by this opinion.

purchase on the property for the delinquent real estate taxes. KSSO acquired the certificate for $26,100, which included $9,242 for delinquent taxes, interest and penalties, and $16,858 as surplus.

In February 2008, Ndegwa and Mrema transferred, via a quit claim deed, their interests in both Lot 252 and Lot 253 from themselves as individuals to themselves in their capacity as trustees of the trust.

On September 18, 2008, KSSO sent Ndegwa and Mrema letters setting out notice of their right to redeem the property. The notice stated in part:

> As a person or party that has, or may claim some interest in the property, you are advised, that the Missouri [statutes] afford you the opportunity to redeem and/or otherwise protect your interest. Be further advised, that this opportunity will be available for a period of not less than 90 days from the date of this letter. The undersigned is obliged to send this notice to you, and to advise you that you have certain rights as defined under Section 140.405 R.S. MO. For your information, and for your further protection, you will find enclosed, a copy of this statute provision.
>
> &#42; &#42; &#42;
>
> The right of redemption continues to be available until that deed is recorded. Because the date the undersigned's mailed affidavit arrives may vary, it is possible that the period of redemption may exceed the 90 day period described in this notice. This indication is made to you to describe the current handling, and is not brought to your attention as an inducement for you to expect an extended period.

It has been the practice of the St. Louis County Collector, in the past, to record the deed in favor of each foreclosure purchaser, not less than 90 days following its acceptance of the filed affidavit. St. Louis County may change that practice without prior notice or notification. You are advised to be in contact with the Office of the St. Louis County Collection should you have any questions, whatsoever.

> If you fail to redeem this property within the redemption period, you will be forever barred from redeeming the property.

Enclosed with this letter was a copy of § 140.405, RSMo 2000, with the following wording bracketed:

> Once the purchaser has notified the county collector by affidavit that proper notice has been given, anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the property shall have ninety days to redeem said property or be forever barred from redeeming said property.

KSSO failed to send IndyMac notice because IndyMac's deed of trust was not revealed as an encumbrance to the property by either KSSO's initial title examination or updated title examination.

Ndegwa and Mrema [5] both failed to take action to redeem the property. Therefore, on January 9, 2009, the collector conveyed the deed for the property to KSSO. KSSO recorded the deed on February 4, 2009.

In August 2009, Ndegwa filed a first amended petition on behalf of herself and Mrema seeking various forms of relief. Counts I and II sought to have § 140.170 declared unconstitutional both on its face and as applied to Ndegwa and Mrema.

---

5. In November of 2008, Mrema was found to be incapacitated by the probate division of the circuit court. Ndegwa and Anale Mrema were appointed as co-guardians of Mrema. Neither Ndegwa nor Anale took any action on Mrema's behalf to redeem the property.

Count III sought quiet title to Lot 253 from KSSO and the collector. Count IV sought quiet title to Lot 252 from Indy-Mac.[6] Count V sought quiet title to Lot 253 from The National 1031 Exchange, which was the beneficiary on the deed of trust. Count VI sought a permanent injunction against KSSO and IndyMac from entering onto the property. Count VII sought ejectment and demanded that KSSO return possession of the property and pay damages. Count VIII claimed KSSO had interfered tortiously with a contract for rental of the property between Ndegwa and Mrema and their tenants. Count IX sought to estop the foreclosure of the property by IndyMac. Count X claimed that IndyMac was negligent for not paying the taxes out of Ndegwa and Mrema's escrow account. Count XI claimed breach of fiduciary duty by Indy-Mac for not paying the taxes out of the escrow account. KSSO filed an answer asserting several counterclaims.

Ndegwa and Mrema subsequently moved for partial summary judgment as to Count III of their petition, which sought quiet title of the property from KSSO and the collector. KSSO countered by filing its own motion for partial summary judgment seeking quiet title in its favor.

In January 2011, the circuit court entered its order and judgment sustaining Ndegwa's motion for partial summary judgment as to Count III, awarding quiet title of the property to the trust and overruling KSSO's motion for partial summary judgment. The circuit court also found that, pursuant to Rule 74.01(b), there was "no just reason for delay with respect to the matters raised" and certified its order and judgment as final with respect to the matters resolved thereby. This appeal followed.[7]

## FINALITY OF THE JUDGMENT

 Prior to reaching the merit of the issues set forth in this case, this Court must determine, *sua sponte,* if there is a final judgment. *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997). A final judgment is a prerequisite to appellate review. *Id.* If the circuit court's judgment was not a final judgment, then the appeal must be dismissed. *Id.* A final judgment "resolves all issues in a case, leaving nothing for future determination." *Id.* However, Rule 74.01(b) provides an exception to the final judgment rule.

 Rule 74.01(b) allows the circuit court to "enter a judgment as to one or more but fewer than all of the claims or parties" by certifying the judgment as final by making "an express determination that there is no just reason for delay." The circuit court's determination is not dispositive; instead, "[i]t is the content, substance, and effect of the order that determines finality and appealabilty [sic]." *Gibson,* 952 S.W.2d at 244. The circuit court's designation is only effective "when the order disposes of a distinct 'judicial unit.' " *Id.*

 A distinct "judicial unit" is defined as "the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim." *Id.* Further, an order addressing "some of several alternative counts, each stating only one legal theory to recover damages for the same wrong, is not considered an appealable judgment while the other counts remain pending because the counts

---

6. This claim was asserted as to Lot 252 because of the error on the deed of trust, which incorrectly identified Lot 252 as the property encumbered by it, not Lot 253.

7. While this appeal was pending, Mrema died.

are concerned with a single fact situation." *Id.* "It is 'differing,' 'separate,' 'distinct' transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim." *Id.*

In the current case, multiple counts set forth in Ndegwa's petition are different legal theories seeking to recover based on the same underlying transaction—the tax sale of the property to KSSO. Counts III and V seek quiet title to the property from different parties but, ultimately, Ndegwa can only receive quiet title to the property by succeeding on both of these counts. Count IV is also interrelated to these in that it addresses the property as it was misrecorded on IndyMac's deed of trust. Further, Ndegwa's additional counts requesting ejectment and a preliminary injunction both relate to the tax sale and the alleged wrongful transfer of the property to KSSO. Because Count III clearly arises out of "the same set of facts, and the same transactions and occurrences" as the pending counts listed above, the circuit court's order "did not resolve a single, distinct judicial unit," and, therefore, is neither a final nor appealable judgment. *Id.* at 244–45.

### CONCLUSION

Because there is no final appealable judgment, this appeal is dismissed.[8]

TEITELMAN, C.J., RUSSELL, BRECKENRIDGE, STITH and PRICE, JJ., and DEL MURO, Sp.J., concur.

DRAPER, J., not participating.

---

8. The parties and the circuit court are directed to this Court's opinions in *Harpagon MO, LLC v. Bosch*, 370 S.W.3d 579 (Mo. banc 2012) (No. SC92074, decided July 3, 2012), and *Sneil, LLC v. Tybe Learning Center, Inc.*, 370 S.W.3d 562 (Mo. banc 2012) (No. SC92390, decided July 3, 2012), for consideration of the issues raised in this case.