

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| RONALD MILLER, | ) | |
| Appellant, | ) | WD79753 |
| v. | ) | |
| | ) | |
| GEORGE BRAD SAMS, | ) | FILED: November 29, 2016 |
| Respondent. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE W. BRENT POWELL, JUDGE

### BEFORE DIVISION TWO: LISA WHITE HARDWICK, PRESIDING JUDGE,
### GARY D. WITT AND ANTHONY REX GABBERT, JUDGES

Ronald Miller appeals from the circuit court's judgment dismissing his negligence claim against George Sams. He contends he stated a cause of action for negligence. Alternatively, he argues that the court erred in denying his request to file an amended petition to add allegations to the claim. We dismiss the appeal for lack of jurisdiction, because no final judgment has been entered.

### FACTUAL AND PROCEDURAL HISTORY

Because this is an appeal from a dismissal for failure to state a claim, we assume the facts alleged in Miller's petition for damages to be true for purposes of this appeal. According to the petition, on July 3, 2012, Miller was injured while working on a construction project with Sams, his co-worker at Liberty Erection,

Inc. Miller had been ordered to attach a 2000-pound air compressor to one of the prongs of a forklift that Sams was operating. Miller was then ordered to assist Sams in transporting the air compressor, which was still attached to the forklift prong, to a back parking lot of the construction project. As Sams operated the forklift, Miller was directed to navigate the suspended air compressor through a narrow gateway. While they were in the narrow gateway, Miller got caught between the air compressor and the forklift and was injured.

Miller's petition asserted two alternative claims against Sams: negligence and affirmative negligence. Both claims arose out of the forklift incident. In the negligence claim, Miller alleged that Sams failed to exercise ordinary care and was negligent, for several reasons, in the way that he operated the forklift. In the alternative affirmative negligence claim, Miller alleged that Sams was an unlicensed and unqualified forklift operator under Occupation Health and Safety Administration ("OSHA") regulations because he was never trained to operate this particular type of forklift. Miller alleged that, despite Sams's knowledge that he was neither trained nor qualified to operate this forklift and that operating this type of forklift with a suspended air compressor attached was not his job duty or responsibility, Sams chose to do so anyway. Miller further alleged that Sams failed to exercise ordinary care and was affirmatively negligent, for several reasons similar to those alleged in the negligence claim, in the way that he operated the forklift.

In both his negligence and affirmative negligence claims, Miller asserted the same injuries, which were a crushed left foot, four broken toes, a ruptured

2

hamstring, and injuries to his left knee and left heel. Miller alleged that, as a result of these injuries, he had to have skin grafts, a pin in his left big toe, and multiple surgeries, including surgery to remove part of his left foot and toe and a left knee reconstruction. In both claims, Miller sought damages for his injuries and for past and future pain and suffering and mental anguish, past and future lost wages, impaired earnings capacity, and past and future expenses for healthcare goods and services. Lastly, in both claims, Miller requested damages against Sams in excess of $25,000.

Sams filed a motion to dismiss Miller's petition for failure to state a claim upon which relief could be granted. The court entered its order and judgment granting Sams's motion to dismiss Miller's negligence claim and denying Sams's motion to dismiss Miller's affirmative negligence claim. At Miller's request, the court found, pursuant to Rule 74.01(b), that there was "no just reason for delay" and designated the judgment as final for purposes of appeal. Miller appeals.

## FINALITY OF THE JUDGMENT

Before we can address the merits of Miller's appeal, we must determine if a final judgment exists. *Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801 (Mo. banc 2012).[1] This is because "[a] final judgment is a prerequisite to appellate review." *Id*. If the circuit court's judgment was not final, we must dismiss the appeal. *Id*.

---

[1] Sams challenged the finality of the judgment in his respondent's brief. Even if he had not raised the issue, however, we would be required to address it *sua sponte*, as it implicates our jurisdiction. *See Ndegwa*, 371 S.W.3d at 801, and *Zeller v. Scafe*, 455 S.W.3d 503, 505 (Mo. App. 2015).

3

"A final judgment 'resolves all issues in a case, leaving nothing for future determination.'" *Id*. (quoting *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997)).  An exception to this rule is contained in Rule 74.01(b), which provides that the circuit court "'may enter a judgment as to one or more but fewer than all of the claims or parties only upon express determination that there is no just reason for delay.'" *Crest Const. II, Inc. v. Hart*, 439 S.W.3d 246, 249 (Mo. App. 2014) (quoting Rule 74.01(b)).  The circuit court's determination in this regard is not dispositive, however.  *Ndegwa*, 371 S.W.3d at 801.  Rather, "[i]t is the content, substance, and effect of the order that determines finality and appealability." *Gibson*, 952 S.W.2d at 244.

The circuit court's Rule 74.01(b) designation that a judgment is final for purposes of appeal as to particular claims "is effective only when the order disposes of a distinct 'judicial unit.'" *Id*.  "A distinct 'judicial unit' is defined as 'the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim.'" *Ndegwa*, 371 S.W.3d at 801 (citations omitted).  "'An order dismissing some of several alternative counts, each stating only one legal theory to recover damages for the same wrong, is not considered an appealable judgment while the other counts remain pending because the counts are concerned with a single fact situation.'" *Gibson*, 952 S.W.2d at 244 (citation omitted).  "It is 'differing,' 'separate,' 'distinct' transactions or occurrences that permit a separately

4

appealable judgment, not differing legal theories or issues presented for recovery on the same claim." *Id*.

In this case, the two counts in Miller's petition set forth alternative legal theories seeking to recover the same damages against Sams for the same injuries based on the same underlying occurrence -- Sams's operation of the forklift on July 3, 2012. The pending count of affirmative negligence clearly arises from the same set of facts as the dismissed negligence count that Miller has attempted to appeal. Accordingly, the circuit court did not resolve a single, distinct judicial unit, and its judgment is neither final nor appealable. *See Gibson*, 952 S.W.2d at 244-45.

### CONCLUSION

Because there is no final appealable judgment, the appeal is dismissed.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.