Before Division One: Lisa White Hardwick, Presiding Judge, Thomas H. Newton and Cynthia L. Martin, Judges
Lisa White Hardwick, Judge *457 Troy Long appeals from the judgment quieting title to certain real property in favor of Sterling Real Estate Acquisitions, LLC ("Sterling"). Long contends the circuit court erred by failing to consider all of the recorded conveyances of the property. For reasons explained herein, we affirm.
FACTUAL AND PROCEDURAL HISTORY
This matter involves a dispute over title to real estate ("the property") located in Jackson County. The legal description of the property is:
A part of the Southwest Quarter of the Southeast Quarter of Section 35, Township 49, Range 31, Jackson County, Missouri, described as follows: Beginning at a point 30.00 feet North and 30.00 feet West of the Southeast corner of the Southwest Quarter of the Southeast Quarter of said Section 35, said point being on the North right of way of U.S. 40 westbound lanes and on the West right of way of Woods Chapel Road; thence South 89 degrees 54 minutes 03 seconds West along the North right of way line of said U.S. Route 40, a distance of 206.25 feet (Plat = 205.86 feet) to a point that is the Southeast corner of a tract of land owned by Public Water District No. 8 as described in Book 683 at Page 503; thence North 00 degrees 08 minutes 53 seconds West along the East line of above said tract of land, a distance of 160.27 feet (Plat = 160.00 feet) to a point on a corner of Lot 1, CHRISTI WOODS ACRES, a subdivision in Jackson County, Missouri; thence North 00 degrees 09 minutes 34 seconds West (Plat = North 00 degrees 09 minutes 06 seconds East) along the East line of said Lot 1, 39.55 feet (Plat = 39.26 feet) to a point on the South line of Lot 2, KENWOOD ACRES, a subdivision in Jackson County, Missouri; thence North 89 degrees 55 minutes 35 seconds East (Plat = North 89 degrees 55 minutes 15 seconds East) along the South line of Lot 2, a distance of 207.30 feet (Plat = 206.69 feet) to a point on the West right of way line of Woods Chapel Road; thence South 00 degrees 09 minutes 06 seconds West along said right of way line, 199.73 feet to the point of beginning.
The property's common street address is 901 SW Woods Chapel Road, Blue Springs, Missouri.
On June 20, 2005, Long's mother, Kendra Potter, was granted the property by the Jackson County Circuit Court from the Estate of Wanda J. McFaddin, who was her mother. On August 20, 2009, Kendra Potter and her husband, Robert Potter, executed a deed in lieu of foreclosure transferring the property into the Villa de Alongi Irrevocable Trust.
The Villa de Alongi Trust was created in 1992 by Carl Edward Long, who was Long's father and Kendra Potter's former husband. The trust agreement gave the trustee the power to manage the trust; to invest, buy, and sell property; and to use discretion in the distribution of the net income of the trust estate to the income beneficiary. At some point before August 20, 2009, Virgil Julian, Jr., became the trustee.
After Kendra and Robert Potter transferred the property into the Villa de Alongi Trust, Julian executed a trustee's deed conveying the property to Jerry Bridge on *458 May 5, 2010. On June 22, 2010, Kendra and Robert Potter executed a correction warranty deed to correct an inaccuracy in the August 20, 2009 deed to the Villa de Alongi Trust. On June 23, 2010, Julian, as trustee, executed a correction warranty deed to correct an inaccuracy in the May 5, 2010 deed to Bridge. On February 29, 2012, Bridge executed a warranty deed conveying the property to Sterling.
Three years later, on February 18, 2015, Long filed a UCC-1 financing statement on the property with the Jackson County Recorder of Deeds. In the financing statement, Long indicated that he had a security interest in the property. He listed himself as the "record owner / secured party" and the Villa de Alongi Trust as the "debtor." On September 30, 2015, Kendra and Robert Potter executed a warranty deed purporting to convey the property to Long.
Long subsequently filed a petition against Sterling to quiet title or to set aside the trustee's sale. Sterling responded by filing an answer and a counter-petition. In its counter-petition, Sterling requested that the court quiet title in Sterling's favor and that the court strike Long's February 18, 2015 UCC-1 financing statement from the land records of Jackson County. Sterling's counter-petition also included a claim for slander of title, for which Sterling requested compensatory and punitive damages.
A bench trial was held. Following the trial, the court entered judgment quieting title of the property in Sterling's favor and denying Sterling's claim for slander of title. Long appeals.
FINALITY OF JUDGMENT
As a preliminary matter, Sterling has filed a motion to dismiss this appeal for lack of a final judgment. "A final judgment is a prerequisite to appellate review." Ndegwa v. KSSO, LLC , 371 S.W.3d 798, 801 (Mo. banc 2012). "A final judgment 'resolves all issues in a case, leaving nothing for future determination.' " Id. (citation omitted). "If a judgment 'disposes of fewer than all of the issues and remedies as to a single claim, it is not an appealable judgment.' " Gerken v. Missouri Dep't of Soc. Servs. , 415 S.W.3d 734, 739 (Mo. App. 2013) (citation and emphasis omitted).
In its motion to dismiss, Sterling alleges the judgment was not final because it failed to resolve all of the issues. Specifically, Sterling argues that the judgment failed to resolve the request in its counter-petition to strike Long's UCC-1 financing statement from the land records of Jackson County. Sterling asserts that, even though the judgment quieted title in Sterling's favor, the UCC-1 financing statement continues to constitute a cloud upon its title.
"Where [a] decision on other issues in the case effectively disposes of the issue not specifically adjudged, the judgment is final and appealable." State ex rel. Igoe v. Bradford , 611 S.W.2d 343, 351 (Mo. App. 1980). In the judgment, the court quieted title to the property in favor of Sterling. The court also found that Sterling is not indebted to Long and that Long does not have a security interest in Sterling's property. Under Section 400.9-510(a)[1] of Missouri's Uniform Commercial Code, "[a] filed record is effective only to the extent that it was filed by a person that may file it under section 400.9-509." Long was not authorized to file a financing statement under Section 400.9-509.
Thus, while the court did not expressly rule on Sterling's request to strike *459 Long's UCC-1 financing statement, the court effectively disposed of the issue because its findings rendered Long's UCC-1 financing statement invalid and ineffective.[2] The court's judgment resolved all of the issues before it, and it is a final and appealable judgment. Sterling's motion to dismiss the appeal is denied.[3]
STANDARD OF REVIEW
We will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and all reasonable inferences therefrom in the light most favorable to the judgment and disregard all contrary evidence and inferences. McCord v. Gates , 159 S.W.3d 369, 373 (Mo. App. 2004).
ANALYSIS
In his sole point on appeal, Long contends the circuit court erred in quieting title in favor of Sterling. "A suit to quiet title is a special statutory action to adjudge the respective estates, titles and interests of several claimants to land." Id. at 374. "In a quiet title action, where each party is claiming title against the other party, the burden of proof is upon each party to prove better title than that of his adversary." Id. (citation omitted). To prevail, it was not necessary that Sterling "establish an indefeasible title against the whole world," but only that its title "was good as against" Long. Id.
Long argues that, in quieting title in favor of Sterling, the court failed to consider all of the recorded conveyances of the property. Specifically, he asserts that the court failed to consider that, before Kendra Potter was granted the property by the Jackson County Circuit Court from her mother's estate on June 20, 2005, Kendra and Robert Potter executed a deed of trust on the property on January 5, 2005, in favor of Virgil Julian, Jr. and his wife, Bettie Julian, conveying the property to Robert Martin, as trustee of the deed of trust.
Long argues that this January 5, 2005 deed of trust was invalid because it was executed prior to the closure of the probate estate of Potter's mother and, therefore, before Potter had acquired her interest in the property. He argues that, because this conveyance was invalid, every subsequent conveyance of the property, with the exception of Kendra and Robert Potter's September 30, 2015 conveyance of the property to him, was also invalid. Long asserts that the court failed to consider the invalidity of the January 5, 2005 conveyance because the court did not mention it in the judgment.
The court clearly considered the January 5, 2005 conveyance. Long referenced it in his petition to quiet title and the deed for that conveyance was included in the stipulated exhibits admitted at trial. There was no need for the court to address the *460 validity of the January 5, 2005 conveyance in its judgment, however, because the court expressly found that Kendra Potter was granted her interest in the property from her mother's estate by the Jackson County Circuit Court on June 20, 2005.
Thus, even if the January 5, 2005 conveyance was a nullity, as Long claims, the invalidity of that conveyance would not affect the validity of the probate court's grant of the property to Kendra Potter on June 20, 2005. Likewise, the purported invalidity of the January 5, 2005 conveyance also would not affect the validity of the Potters' transfer of the property into the Villa de Alongi Trust in 2009 or the validity of the subsequent conveyances that ended with the conveyance to Sterling in 2012.
Sterling met its burden of proving that its title was superior to that of Long's. The circuit court's judgment quieting title in favor of Sterling was supported by substantial evidence and constituted a correct application of the law. The point on appeal is denied.
CONCLUSION
We affirm the circuit court's judgment. Sterling's motions to dismiss the appeal are denied.
All Concur.

All statutory references are to the Revised Statutes of Missouri 2016.

We note that Sterling drafted the proposed judgment that was adopted by the court. Sterling's proposed judgment included the findings that Sterling is not indebted to Long and that Long does not have a security interest in Sterling's property. Sterling's proposed judgment did not include the remedy of striking Long's UCC-1 financing statement.

Sterling also filed a motion to dismiss the appeal based on briefing deficiencies in Long's Second Amended Brief. While we agree that Long's Second Amended Brief violates Rule 84.04 in several respects, we decline to dismiss the appeal because the deficiencies do not impede our ability to understand the sole claim presented. C.S. v. Mo. Dep't of Soc. Servs., 491 S.W.3d 636, 645 n.9 (Mo App. 2016).