IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT

 DAVID AND VIOLA STAGNER, )
 )
 Appellants-Respondents, )
 v. )
 )
 )
 WELLS FARGO BANK, N.A., AS )
 TRUSTEE FOR AEGIS ASSET )
 WD83819
 BACKED SECURITIES TRUST )
 (Consolidated with WD83842)
 MORTGAGE PASS-THROUGH )
 CERTIFICATES, SERIES 2004-1, and )
 OPINION FILED:
 SELECT PORTFOLIO SERVICES, )
 August 3, 2021
 INC., )
 )
 Respondents, )
 and )
 )
 MILLSAP & SINGER, P.C., )
 )
 Respondent-Appellant. )

 Appeal from the Circuit Court of Ray County, Missouri
 The Honorable Kevin L. Walden, Judge

 Before Division Three: Edward R. Ardini, Jr., Presiding Judge, and
 Mark D. Pfeiffer and W. Douglas Thomson, Judges

 The present appeal is in response to a series of partial summary judgment rulings below,

some of which the circuit court has attempted to certify for interlocutory appeal pursuant to

Rule 74.01(b), other rulings that have not been certified for interlocutory appeal, another ruling
that expressly denied summary judgment to one of the parties, and all of which are closely

intertwined with claims that are still pending before the circuit court. Because none of the

summary judgment rulings appealed from qualify as “final judgments,” we dismiss the appeal and

remand for further proceedings consistent with our ruling today.

 Introduction

 David and Viola Stagner (the “Stagners”) appeal from partial summary judgment rulings

entered by the Circuit Court of Ray County, Missouri (“circuit court”), in favor of Wells Fargo

Bank, N.A., as Trustee for Aegis Asset Backed Securities Trust Mortgage Pass-Through

Certificates, Series 2004-1 (“Wells Fargo”), Select Portfolio Servicing, Inc. (“SPS”), and Millsap

& Singer, P.C. (“Millsap & Singer”). Millsap & Singer appeal from the circuit court granting the

Stagners’ motion for class certification1 and denying Millsap & Singer’s motion to decertify the

class. The two appeals were consolidated by this Court. We dismiss the consolidated appeals.

 Factual and Procedural Background

 David and Viola Stagner resided at 7805 Pendleton Road, Orrick, Ray County, Missouri

(“Property”). On October 16, 2003, David Stagner signed a Promissory Note with lender Aegis

Funding Corporation. The Stagners both signed a Deed of Trust on the Property to secure the

Promissory Note.

 1
 There are two instances from which a circuit court’s ruling granting or denying a class action may be
appealed. The first instance is in the context of a permissive interlocutory appeal. See Younker v. Inv. Realty, Inc.,
461 S.W.3d 1, 13 (Mo. App. S.D. 2015) (“Section 512.020(3) and Rule 52.08(f) function to create the potential for an
interlocutory appeal from an interlocutory order granting or denying class certification.” (citing State ex rel.
Coca-Cola Co. v. Nixon, 249 S.W.3d 855, 859 (Mo. banc 2008)). The second instance is in the context of an appeal
of an otherwise final judgment. See id. (stating that the interlocutory appeal rules “[do] not impinge upon or foreclose
any other statutorily created avenues of review, such as an appeal as a matter of right of a final judgment created by
section 512.020(5).”). Counsel for Millsap & Singer conceded at oral argument that its cross-appeal challenging the
circuit court’s granting of a class action is not an interlocutory permissive appeal and further concedes that if the
present appeal is not a “final judgment,” then its cross-appeal must be dismissed as premature.

 2
 Millsap & Singer is a Missouri law firm located in St. Louis, Missouri, and engaged in

communications with homeowners before foreclosure proceedings regarding foreclosure sales,

drafted certain documents in compliance with Missouri law, and conducted foreclosure sales as

trustee, in Ray County, Missouri. On June 28, 2012, Aegis, by its nominee, Mortgage Electronic

Registration Systems, Inc., assigned the Stagners’ Deed of Trust to Wells Fargo. SPS was the

servicer of the Stagners’ mortgage loan. On July 30, 2015, a document titled “Appointment of

Successor - Trustee” was recorded in the office of the Ray County Recorder of Deeds. The

document identified Wells Fargo as the legal holder of the Stagners’ Note secured by the Deed of

Trust. By the terms of the document, Wells Fargo removed the original trustee and appointed

Millsap & Singer as successor trustee.

 At Wells Fargo’s request, Millsap & Singer foreclosed on the Property on December 4,

2015. Wells Fargo purchased the property for $92,000. By a Successor Trustee’s Deed Under

Foreclosure dated December 4, 2015, and recorded in the office of the Ray County Recorder of

Deeds on December 14, 2015, Millsap & Singer conveyed the Property to Wells Fargo.

 On March 23, 2016, the Stagners filed a six-count Petition, alleging wrongful foreclosure

in that: (1) Wells Fargo was never the legal holder of the Note; (2) Wells Fargo had no authority

to appoint Millsap & Singer as Successor Trustee; and, therefore, (3) Millsap & Singer was not

authorized to act as successor trustee on the Deed of Trust or to conduct a foreclosure sale. The

Stagners asserted claims for Wrongful Foreclosure against Wells Fargo and SPS (Counts I and II),

Quiet Title against Wells Fargo and SPS (Count III), Class Action for Breach of Fiduciary Duty

against Millsap & Singer (Count IV), Class Action for Violations of the Missouri Merchandising

Practices Act (“MMPA”) against Millsap & Singer (Count V), and Violations of the MMPA

against Wells Fargo and SPS (Count VI).

 3
 On August 26, 2016, pursuant to Missouri Rule of Civil Procedure 52.08,2 the Stagners

moved the circuit court to certify their claims against Millsap & Singer as a class action. Millsap

& Singer opposed class certification. On February 22, 2017, the circuit court granted the Stagners’

Motion for Class Certification, defining the class as: “All Missouri residents whose home

mortgage loan was negotiated or sold and whose foreclosure sale was conducted by Millsap &

Singer, P.C. as Successor Trustee and took place after December 31, 2008.” Millsap & Singer did

not seek to appeal the circuit court’s interlocutory class certification ruling pursuant to

Rule 52.08(f).

 On July 27, 2017, Millsap & Singer filed a motion for summary judgment on Count IV and

partial summary judgment on Count V of the Stagners’ Petition. The motion alleged that each of

those counts rested on the same legal theory—that Millsap & Singer had a duty to investigate

Wells Fargo’s authority to enforce the Note because it knew that the Note had previously been

sold on the secondary market—and that the Stagners could not prove either causation or damage

because Wells Fargo had the authority to enforce the Note and to appoint Millsap & Singer to act

as Successor Trustee. On the same date, Millsap & Singer filed a motion to decertify the

previously certified class on the grounds that the claims were not susceptible to class-wide

treatment. The circuit court denied the motion to decertify on September 14, 2017.

 On January 2, 2018, Wells Fargo and SPS filed a Joint Motion for Partial Summary

Judgment as to Counts I and III in their entirety and Count VI in part on the grounds that Wells

Fargo had standing to enforce the Stagners’ Note and Deed of Trust in the underlying foreclosure.

On July 9, 2018, Wells Fargo and SPS filed a second Joint Motion for Summary Judgment on the

grounds that the Stagners’ claims were barred by the doctrine of res judicata and release.

 2
 All rule references are to I MISSOURI COURT RULES—STATE 2021.

 4
 On December 27, 2018, the circuit court granted in part Wells Fargo and SPS’s January 2,

2018 Joint Motion for Partial Summary Judgment. The circuit court granted summary judgment

in favor of Wells Fargo and SPS and against the Stagners on Counts I (Wrongful Foreclosure) and

III (Quiet Title) of their Petition and denied summary judgment on Count VI (Violations of the

MMPA). The circuit court also granted in part defendant Millsap & Singer’s July 27, 2017 Motion

for Partial Summary Judgment. The circuit court granted summary judgment in favor of Millsap

& Singer against the Stagners on Count IV (Breach of Fiduciary Duty) of their Petition and denied

summary judgment on Count V (Violations of the MMPA). At no time did the circuit court certify

its December 2018 Order or any portion thereof pursuant to Rule 74.01(b) for interlocutory

appeal.

 On February 22, 2019, Millsap & Singer filed another Motion for Summary Judgment on

Count V of the Stagners’ Petition on the grounds that the MMPA claim that Millsap & Singer

charged excessive or improper fees when it acted as Successor Trustee could not be pursued by

the Stagners because Millsap & Singer never charged any fees to the Stagners and the Stagners

never paid any fees to Millsap & Singer.

 On March 20, 2019, Wells Fargo and SPS filed a Joint Motion for Summary Judgment on

the Stagners’ remaining claims against them in Counts II (alleging wrongful foreclosure because

the Stagners were not in default) and VI (alleging violation of the MMPA) on the grounds that the

circuit court’s summary judgment ruling on December 27, 2018, determined that Wells Fargo had

the lawful authority to enforce the Note.

 On October 15, 2019, the circuit court denied Wells Fargo and SPS’s July 2018 Motion for

Summary Judgment. Also on that date, the circuit court granted in part Wells Fargo and SPS’s

March 20, 2019 Joint Motion for Summary Judgment, ruling in favor of Wells Fargo and SPS and

 5
against the Stagners on Count II of their Petition; ruling in favor of SPS and against the Stagners

on Count VI of their Petition; and denying Wells Fargo’s motion for summary judgment as to

Count VI. At no time did the circuit court certify its October 2019 Order or any portion thereof

pursuant to Rule 74.01(b) for interlocutory appeal.

 Thereafter, on February 21, 2020, the circuit court granted Millsap & Singer’s February 22,

2019 Motion for Summary Judgment as to Count V (asserting MMPA violations of excessive

charges and fees), ruling in favor of Millsap & Singer and against the Stagners on Count V of their

Petition. Over objection by the Stagners, the circuit court certified its summary judgment ruling

of February 21, 2020, as “final for purposes of appeal.” This is the only ruling that the circuit

court attempted to certify pursuant to Rule 74.01(b) for interlocutory appeal. 3

 On June 1, 2020, the Stagners appealed from the partial summary judgment rulings entered

by the circuit court on December 27, 2018, October 15, 2019, and February 21, 2020, and was

assigned case number WD83819. On June 12, 2020, Millsap & Singer appealed from the class

certification rulings entered by the circuit court on February 22, 2017, and September 14, 2017,

and was assigned case number WD83842. On June 15, 2020, this Court ordered the appeals

consolidated under case number WD83819.

 Jurisdiction

 Before this Court can reach the merits of the issues in this consolidated appeal, we have a

duty to determine, sua sponte, whether we have jurisdiction. Wilson v. City of St. Louis, 600

S.W.3d 763, 765 (Mo. banc 2020). “For this Court to have jurisdiction, the judgment entered by

 3
 It has not escaped this Court’s attention that the Stagners themselves questioned the propriety of the circuit
court in certifying its February 21, 2020 ruling as “final for purposes of appeal.” On March 10, 2020, the Stagners
moved the circuit court to amend its February 21, 2020 ruling by deleting the Rule 74.01(b) language. The Stagners
argued that the circuit court had mis-applied Rule 74.01(b), the remaining claims pending were closely intertwined
with the claim the circuit court had certified for interlocutory appeal, and the Stagners argued that it was likely that
the Court of Appeals would dismiss the interlocutory appeal for lack of jurisdiction.

 6
the circuit court and appealed by the parties must have been a ‘final judgment’ as that phrase is

used in section 512.020(5).” Id. A “final judgment” for purposes of appeal under

section 512.020(5) must satisfy two criteria. “First, it must be a judgment (i.e., it must fully resolve

at least one claim in a lawsuit and establish all the rights and liabilities of the parties with respect

to that claim).” Id. at 771. “Second, it must be ‘final,’ either because it disposes of all claims (or

the last claim) in a lawsuit, or because it has been certified for immediate appeal pursuant to

Rule 74.01(b).” Id.

 Explicit Denial of Summary Judgment for Wells Fargo

 Initially, it is clear that there is no judgment below that disposes of all claims for, in its

October 2019 ruling, the circuit expressly denied Wells Fargo’s motion for summary judgment as

to Count VI and at no time did the circuit court revise its interlocutory denial ruling. As such, the

MMPA claim of Count VI remains pending; and, certainly as to Wells Fargo, there is no ruling by

the circuit court that has finally disposed of all claims as to Wells Fargo. There simply is no Wells

Fargo “judicial unit” that is properly before us on this appeal.

 “Generally, an order denying a motion for summary judgment is an interlocutory order and

is not reviewable on appeal.” Geiler v. Liberty Ins. Corp., 621 S.W.3d 536, 542 (Mo. App. W.D.

2021) (internal quotation marks omitted); see also Union Manor v. Mo. Dep’t of Health & Senior

Servs., 596 S.W.3d 673, 684 (Mo. App. W.D. 2020) (stating the same).

 Wells Fargo argues in supplemental letter briefing to the Court on this topic that the circuit

court’s previous summary judgment ruling in favor of Wells Fargo as to the wrongful foreclosure

count (Count I) should serve to “dispose of the MMPA claim [against Wells Fargo in Count VI]

by necessary implication.”4 There is nothing in Chapter 512 of the Revised Statutes of Missouri,

 4
 In support of this novel idea, Wells Fargo cites to precedent discussing the doctrine of “implicit finality.”
First Cmty. Credit Union v. Levison, 395 S.W.3d 571 (Mo. App. E.D. 2013); Jefferson v. Am. Fin. Grp., Inc., 163

 7
Rule 74.01 of the Missouri Rules of Civil Procedure, or case precedent interpreting the same that

permits transforming an express denial of a motion for summary judgment into a grant of summary

judgment by implication.5 Simply put, without such authority, the claims involving Wells Fargo

are not properly before this Court as we do not have jurisdiction at this time to entertain a review

of any such rulings.

 Interlocutory Appeal for SPS and Millsap & Singer Is Improper

 “Partial summary judgment orders are merely interlocutory and can be added to, amended,

or set aside by the court at any time prior to final judgment.” City of Aurora v. Spectra Commc’ns

Grp., LLC, 592 S.W.3d 764, 794 (Mo. banc 2019) (internal quotation marks omitted); see also

Quick v. Anderson, 503 S.W.3d 242, 249 (Mo. App. W.D. 2016) (holding that partial summary

judgment orders remained interlocutory, and thereby amendable, until a final judgment is entered).

That said, “[i]f the combined effect of several orders entered in a case, including an order

denominated ‘final judgment,’ is to dispose of all issues as to all parties, leaving nothing for future

determination, then the collective orders combine to form the ‘final judgment’ from which an

appeal can be taken.” Exec. Bd. of the Mo. Baptist Convention v. Mo. Baptist Found., 497 S.W.3d

785, 795 (Mo. App. W.D. 2016) (internal quotation marks omitted).

 Here, there is no collective group of rulings from the circuit court that “dispose of all issues

as to all parties, leaving nothing for future determination.” Hence, we must look to Rule 74.01(b)

S.W.3d 485 (Mo. App. E.D. 2005). However, in neither of those cases was it ever suggested that a circuit court’s
express denial of relief to a party may later be somehow impliedly overruled for the purpose of asserting a finality
position to a court of appeals.
 5
 In its February 2020 ruling, the circuit court expressly states: “In connection herewith [i.e., its summary
dismissal of Count V as to Millsap & Singer], the Court finds that this Order/Judgment disposes of fewer than all of
the claims or parties and, after review of the remaining claims and parties [i.e., at that point, the only remaining claim
involved the MMPA claim of Count VI], there is no just reason for delay in entry of the judgment on those claims.
This Order/Judgment should be final for purposes of appeal.” So, it would appear that the circuit court was trying to
certify interlocutory appellate review of Count VI—an MMPA count and claim that “remained” unresolved below
due to the circuit court’s express denial of summary judgment relief as to Count VI. As we explain in our ruling,
Rule 74.01(b) does not permit such a maneuver by the circuit court.

 8
to determine if the circuit court has properly certified as final for purposes of appeal all claims

relating to SPS and Millsap & Singer.

 Under Rule 74.01(b):

 When more than one claim for relief is presented in an action, whether as a claim,
 counterclaim, cross-claim, or third-party claim, or when multiple parties are
 involved, the court may enter a judgment as to one or more but fewer than all of the
 claims or parties only upon an express determination that there is no just reason
 for delay.

(Emphasis added.)

 Here, the only summary judgment rulings in favor of SPS were in the circuit court’s

December 2018 ruling (granting summary judgment as to Counts I and III) and October 2019

ruling (granting summary judgment as to Counts II and VI). In neither of these rulings did the

circuit court make “an express determination” pursuant to Rule 74.01(b) “that there is no just

reason for delay.” Further, in no subsequent ruling does the circuit court make such an express

determination with regard to its interlocutory summary judgment rulings in favor of SPS. Since

many of the allegations against SPS were similar, if not identical, to those made against Wells

Fargo, the circuit court may have appropriately believed that the claims involving SPS were too

closely intertwined with the remaining pending MMPA claim against Wells Fargo. Irrespective,

absent an express determination from the circuit court that there was no just reason for delaying

the immediate appeal of the summary judgment rulings in favor of SPS, those rulings remain

interlocutory and subject to change by the circuit court prior to final judgment; and, those rulings

are not properly before us in the present appeal.

 Next, as to Millsap & Singer, the circuit court’s February 2020 ruling granted summary

judgment as to Count V in favor of Millsap & Singer and against the Stagners; likewise, the

February 2020 ruling attempts to certify this summary judgment ruling as final for purposes of

 9
appeal under Rule 74.01(b). However, the circuit court’s February 2020 ruling did not dispose of

all claims by or against Millsap & Singer.

 A judgment is eligible for certification by the circuit court only if it: “(a) disposes of all

claims by or against at least one party, or (b) it disposes of one or more claims that are sufficiently

distinct from the claims that remain pending in the circuit court.” Wilson, 600 S.W.3d at 771.

“Determining whether these criteria are met is a question of law and depends on ‘the content,

substance, and effect of the order,’ not the circuit court’s designation.” Id. (quoting Gibson v.

Brewer, 952 S.W.2d 239, 244 (Mo. banc 1997)).

 Here, with regard to the circuit court’s February 2020 ruling that granted Millsap &

Singer’s Motion for Summary Judgment on Count V of the Stagners’ Petition, the ruling does not

dispose of, and expressly certify for interlocutory appeal, all claims against Millsap & Singer. As

we have noted previously, there were two counts alleged against Millsap & Singer, Count IV

(Breach of Fiduciary Duty) and Count V (MMPA class action). There simply is no ruling below

in which the circuit court has made an express determination that there is no just reason for

delaying the immediate appeal of its rulings as to Millsap & Singer as to “all claims by or against

at least one party [i.e., Millsap & Singer].” Further, the counts against Millsap & Singer are closely

intertwined and are not “sufficiently distinct from the claims that remain pending at the circuit

court.” Without such express determination, there is no right to immediate appeal of the claims

involving Millsap & Singer to this Court at this time.

 This does not end our discussion, however.

 Five-Factor Analysis for Circuit Court’s Rule 74.01(b) Discretionary Determination

 Because we anticipate that one or more of the parties may, upon remand, seek to have the

circuit court certify all of its summary judgment rulings that dispose of all claims by or against one

 10
party, we note that Rule 74.01(b), while it is indeed a procedural tool for use at the circuit court’s

discretion—such discretion is not unfettered discretion. Hence, upon remand, we remind the

circuit court of its responsibilities relating to the exercise of Rule 74.01(b) discretion.

 Upon a Rule 74.01(b) certification in which the circuit court’s ruling (1) fully resolved at

least one claim in a lawsuit and established all the rights and liabilities of the parties with respect

to that claim and (2) resolves all legal issues and leaves open no remedies against a particular party,

“[t]he only question that [would] remain[] is whether the circuit court [would have] abused its

discretion in certifying the judgments as final for purposes of appeal.” Butala v. Curators of Univ.

of Mo., 620 S.W.3d 89, 94 (Mo. banc 2021). “If a circuit court expressly finds there is no just

reason for delay and exercises its discretion under Rule 74.01(b) to certify the judgment for

interlocutory appeal, that decision is reviewed only for an abuse of discretion.” Id. at 95 (citing

Wilson, 600 S.W.3d at 771).

 The Missouri Supreme Court has identified five alternative factors for the circuit court to

consider in determining whether to certify a judgment as final for purposes of appeal under

Rule 74.01(b):

 [T]he circuit court should consider whether approving an interlocutory appeal will:
 (a) aid or impede the efficient administration of justice in either the circuit court or
 the appellate court; (b) create undue risk of prejudice either for those who will be
 parties to the appeal or for those who will not; (c) create undue risk that a decision
 in the appeal could adversely impact future decisions on the unresolved claims that
 presumably will be proceeding simultaneously; (d) create undue risk that future
 decisions concerning the unresolved claims may adversely impact the appeal of the
 resolved claims; or (e) create undue risk of duplicative or unnecessary proceedings
 in either the appeal or the circuit court in the event the interlocutory judgment is
 not affirmed.

Butala, 620 S.W.3d at 95 (citing Wilson, 600 S.W.3d at 771-72).

 Here, “the [six] counts set forth in the [Stagners’] petition are merely different legal

theories seeking to recover damages for the same underlying transaction—the foreclosure sale of

 11
the [P]roperty.” McClain v. Landmark Equity Grp., LLC, 584 S.W.3d 383, 388 (Mo. App. W.D.

2019). The wrongful foreclosure claims against Wells Fargo and SPS (Counts I and II), and the

quiet title claim against Wells Fargo (Count III), can succeed only if the Stagners are successful in

establishing that Wells Fargo was not a holder of the Note and did not have the right to enforce

the Note or foreclose on it. See id. (citing Ndegwa v. KSSO, LLC, 371 S.W.3d 798, 802 (Mo. banc

2012)). The remaining breach of fiduciary duty claim against Millsap & Singer (Count IV), and

the MMPA claims against Millsap & Singer and against Wells Fargo and SPS (Counts V and VI)

all concern the propriety of the foreclosure. See id. (citing Ndegwa, 371 S.W.3d at 802).

Moreover, each of the counts expressly incorporates the facts and allegations of the other counts.

See id. (citing Gibson, 952 S.W.2d at 244). See also Wilson, 600 S.W.3d at 770 (“dismissed claims

‘expressly incorporate the same facts as the counts pending in the circuit court’” (quoting Gibson,

952 S.W.2d at 244)).

 Accordingly, all of the Stagners’ claims asserted in their Petition are premised on Wells

Fargo holding the Stagners’ Note, appointing Millsap & Singer as Successor Trustee, and Millsap

& Singer acting as successor trustee on the Deed of Trust and conducting a foreclosure sale on the

Property. The resolved claim against Millsap & Singer (Count V—MMPA violations of excessive

charges and fees) is closely intertwined with the unresolved and currently pending claim against

Wells Fargo (Count VI—MMPA violations of excessive charges and fees). Additionally, it is also

closely intertwined with the remaining claims that were partially resolved below by summary

judgment but were not certified by the circuit court for immediate interlocutory appeal pursuant to

Rule 74.01(b). Hence, “[i]t is difficult to perceive what increase in judicial economy—either in

the circuit court or appellate court—the certification [would be] intended to promote.” Butala,

620 S.W.3d at 95. And, if there is no such judicial economy present, there would be little sense in

 12
attempting to certify such interlocutory rulings pursuant to Rule 74.01(b) upon remand (at least in

the present form of the circuit court’s interlocutory rulings).

 Conclusion

 Because there is no “final judgment” presently in the case before us, this Court lacks

jurisdiction. Further, because there is no “final judgment” before this Court, Millsap & Singer’s

challenge to the circuit court’s class certification ruling granting class certification is likewise

premature for appellate review.6

 The consolidated appeals are dismissed and remanded for further proceedings consistent

with our ruling today.

 /s/Mark D. Pfeiffer
 Mark D. Pfeiffer, Judge

Edward R. Ardini, Jr., Presiding Judge, and W. Douglas Thomson, Judge, concur.

 6
 See supra note 1.

 13