

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| DENNIS L. LARAMORE, | ) | No. ED110112 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Washington County |
| v. | ) | Cause No. 19WA-CC00331-01 |
| | ) | |
| ZACHARY JACOBSEN, | ) | |
| MIKE GUM, | ) | Honorable Timothy W. Inman |
| WILLIAM GLEESON, | ) | |
| ANDY SKILES, and | ) | |
| DOUG TUNING, | ) | |
| | ) | |
| Respondents. | ) | Filed: September 13, 2022 |

## Introduction

Appellant Dennis Laramore, acting *pro se*, appeals from the circuit court's order granting partial summary judgment to Respondents on Laramore's petition for replevin. Because the circuit court's order is not a final judgment, we dismiss the appeal for lack of jurisdiction.

## Background

On January 7, 2015, law enforcement officers with the Washington County Sheriff's Office and the Potosi Police Department, including Respondents, executed a search warrant in Potosi, Missouri. During the execution of the search warrant, the officers seized from Laramore various allegedly stolen items, including cash, firearms, electronics, tools, coins, and collectibles.

Two days later, on January 9, 2015, Laramore was charged in Washington County with one count of receiving stolen property and eight counts of unlawful possession of a firearm. The receiving stolen property charge was dismissed on May 27, 2015. Laramore was later convicted on the eight counts of unlawful possession of a firearm.

Also on January 9, 2015, Laramore was charged in Crawford County with stealing firearms that were seized during the execution of the search warrant, including a 12-gauge shotgun. Those charges were dismissed on August 21, 2021.

Laramore claimed the seized items belonged to him and filed his first petition for replevin on August 14, 2017. In March 2018, the circuit court dismissed Laramore's first petition without prejudice for failure to appear. Laramore filed his second petition for replevin on December 26, 2018. In March 2019, the circuit court dismissed the second petition without prejudice for failure to prosecute.

On September 3, 2019, Laramore filed his third petition for replevin, which is the subject of this appeal. On December 19, 2019, the circuit court dismissed the third petition with prejudice as untimely. The circuit court held that Laramore had filed his third petition outside the three-year statute of limitations.

Laramore subsequently appealed to this Court, alleging the circuit court erred in applying a three-year statute of limitations and incorrectly calculated the statutory limitations period. In *Laramore v. Jacobsen*, 613 S.W.3d 466, 470-71 (Mo. App. E.D. 2020), this Court concluded that the circuit court correctly determined that the statute of limitations applicable to Laramore's replevin action was the three-year statute in Section 516.130.[1] We nonetheless held that the circuit court erred in ruling that the statute of limitations began to run on the date the property was seized,

---

[1] All Section references are to the Revised Statutes of Missouri (2016), as supplemented, unless otherwise indicated.

rather than the later date on which law enforcement or the court determined the property was no longer needed as evidence. *Id.* at 472. We therefore reversed and remanded the case. *Id.* at 474.

On remand, Respondents filed a motion for summary judgment on September 21, 2021. They argued the statute of limitations had expired prior to Laramore's filing his third petition for replevin. Respondents maintained that the "savings clause" in Section 516.230 was inapplicable to Laramore's third petition, because it can be applied only one time, and Laramore already had benefitted from the savings clause with his second petition for replevin.

On October 25, 2021, the circuit court issued an order granting partial summary judgment to Respondents regarding the items listed in the petition, with the notable exception of the 12-gauge shotgun that had been charged in Crawford County.

Laramore now appeals from the circuit court's order granting partial summary judgment. Respondents filed a motion to dismiss Laramore's appeal for lack of a final judgment, which we took with the case.

## Discussion

Laramore's sole point on appeal is that the circuit court erred in partially granting Respondents' motion for summary judgment. He argues the circuit court was incorrect in determining that the statute of limitations on his replevin action began to run on May 27, 2015, when the receiving stolen property charge was dismissed in Washington County. Laramore maintains the statute of limitations actually began to run on August 21, 2021, when the Crawford County charges were dismissed, and therefore the statute had not expired.

Before we may reach the merits of Laramore's point on appeal, we must address Respondents' motion to dismiss and our jurisdiction. *See Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997). "The right to appeal is purely statutory and, where a statute does not give a right

3

to appeal, no right exists." *Wilson v. City of St. Louis,* 600 S.W.3d 763, 767 (Mo. banc 2020) (quoting *First Nat'l Bank of Dieterich*, 515 S.W.3d 219, 221 (Mo. banc 2017)).

Section 512.020, the general statute providing for appeals in civil cases, provides in pertinent part:

> Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his or her appeal to a court having appellate jurisdiction from any…(5) Final judgment in the case or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case.

Section 512.020.

A final judgment is therefore a prerequisite to appellate review pursuant to Section 512.020(5). If the circuit court's order is not a final judgment, then this Court lacks jurisdiction and the appeal must be dismissed. *See Wilson*, 600 S.W.3d at 773.

A final judgment is one that disposes of all parties and issues in a case. Section 512.020; Rule 74.01(b).[2] For purposes of section 512.020(5), a final judgment: (1) is a judgment that fully resolves at least one claim in a lawsuit and establishes all the rights and liabilities of the parties with respect to that claim, and (2) is "final," either because it disposes of all claims in a lawsuit, or because it has been certified for immediate appeal pursuant to Rule 74.01(b). *Wilson*, 600 S.W.3d at 771.

Rule 74.01(b) provides that, when more than one claim for relief is presented in an action, the court may enter a judgment as to one or more but fewer than all of the claims only upon an express determination that there is no just reason for delay of the appeal. *See Wilson*, 600 S.W.3d at 771; *Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801 (Mo. banc 2012).

---

[2] All Rule references are to the Missouri Supreme Court Rules (2022), unless otherwise indicated.

Here, the circuit court's order of October 25, 2021 is not a final judgment. The order does not dispose of all claims in Laramore's replevin action. Instead, the order granted partial summary judgment to Respondents regarding the items listed in Laramore's petition for replevin, except the 12-gauge shotgun, because the statute of limitations had expired. The court reasoned that the charges in which those items were evidence were dismissed on May 27, 2015 and the statute of limitations therefore expired on May 27, 2018. Laramore's filing of his third petition on September 3, 2019, therefore was untimely. However, the circuit court denied summary judgment as to the 12-gauge shotgun. The court reasoned that the charges regarding the shotgun were not dismissed until August 21, 2021, and the statute of limitations had not yet expired.

Because the circuit court's order denied summary judgment on Laramore's claim for replevin as to the shotgun, that claim remains pending in the circuit court. Indeed, the circuit court set Laramore's claim regarding the shotgun for trial on November 9, 2021, but this appeal intervened. Consequently, not all of Laramore's claims were resolved in the circuit court's order granting partial summary judgment.

Additionally, Laramore does not direct us to any express determination by the circuit court that there was no just reason for delay of this appeal under Rule 74.01(b). We therefore find ourselves without a final judgment.

Without a final judgment, this Court lacks jurisdiction and the appeal must be dismissed.

### Conclusion

The appeal is dismissed.

_____
Cristian M. Stevens, J.

Gary M. Gaertner, Jr., P.J., and
John P. Torbitzky, J., concur.

5