

# In the
# Missouri Court of Appeals
### Western District

| | | |
|---|---|---|
| ADAM WOODWORTH, | ) | |
| | ) | |
| Appellant, | ) | WD87404 |
| | ) | |
| V. | ) | OPINION FILED: |
| | ) | SEPTEMBER 30, 2025 |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Livingston County, Missouri**
The Honorable William P. Devoy, Judge

Before Division One: Gary D. Witt, Presiding Judge, Alok Ahuja, Judge and Karen King Mitchell, Judge

On September 11, 2017, Adam Woodworth was convicted by the Circuit Court of Livingston County of three counts of first-degree sodomy, three counts of first-degree child molestation, and two counts of sexual misconduct involving a child. He was sentenced to a total of twenty years in the Department of Corrections. This Court affirmed the judgment and sentence of the trial court on September 3, 2019.[1] Woodworth timely filed a motion for post-conviction relief under Rule 29.15. The motion court denied Woodworth's motion following an evidentiary hearing. Woodworth appeals the

---

[1] *State v. Woodworth,* 586 S.W.3d 282 (Mo. App. W.D. 2019).

denial of his motion. Due to the lack of a final judgment, we dismiss this appeal and remand for further proceedings.

## Factual background and procedural history

On appeal from the motion court's denial of a Rule 29.15 motion, we view the facts in the light most favorable to the underlying criminal conviction. *Morrison v. State,* 619 S.W.3d 605, 607 n.1 (Mo. App. W.D. 2021). Woodworth's convictions arose from sexual misconduct, sodomy, and molestation of his young daughter. When this Court affirmed the trial court's judgment, we set out the detailed factual underpinning of his convictions. We will not repeat the underlying facts here.

After timely filing a pro-se motion for post-conviction relief under Missouri Supreme Court Rule 29.15, Woodworth was appointed a public defender. Woodworth's appointed counsel timely filed an amended motion, asserting sixteen claims of error.[2] The motion court held an evidentiary hearing and on July 8, 2023, the motion court issued findings of fact and conclusions of law specifically addressing fifteen of the sixteen claims of error. The motion court then concluded, "[t]herefore, this Court denied [sic] Movant's motion in full."

Woodworth raises four points on appeal, alleging: 1) trial counsel was ineffective for failing to object and exclude the Sheriff's[3] testimony as hearsay; 2) trial counsel was ineffective for failing to challenge the State's recalling of the victim's mother to testify;

---

[2] Woodworth's post-conviction motion contained claims numbered 8(a) – 8(p).
[3] Pursuant to Missouri Supreme Court Operating Rule 2.02(c)(3), we do not include names of witnesses or other individuals who are not parties.

3) trial counsel was ineffective for failing to investigate the testimony of the expert witness before calling her as an expert witness; and 4) the motion court erred in failing to acknowledge, adjudicate, or dispose of Woodworth's amended post-conviction claim that trial counsel was ineffective in failing to move for a mistrial after undisclosed counseling notes of a therapist witness came to light.[4]  The motion court, in its conclusions of law, specifically addressed the underlying claims presented in points one through three raised in this appeal.  However, the motion court failed to address Claim 8(p) (point four) in its judgment.  Respondent argues the motion court's failure to address this claim in its judgment means that there is no final judgment in this case, and the cause must be remanded to the motion court to address this remaining claim.  In his reply brief, Woodworth acknowledges the judgment is not final, and the cause must be remanded to the motion court.

## Discussion

As a threshold matter, we must address whether the judgment from which Woodworth appeals is a final judgment.  Both Woodworth and the State acknowledge that the motion court did not specifically make findings of fact or conclusions on the claim that Woodworth now raises in his fourth point on appeal.

"In order for this Court to review an appeal, the appeal must be taken from a final judgment." *Rogers v. State,* 610 S.W.3d 733, 736 (Mo. App. E.D. 2020).  "A final judgment resolves all issues in a case, leaving nothing for future determination." *Ndegwa*

---

[4] The four points on appeal correlate to claims 8(d), 8(f), 8(i), and 8(p), respectively.

*v. KSSO, LLC,* 371 S.W.3d 798, 801 (Mo. banc 2012) (citation modified). "An appeal must be dismissed if it is not a final judgment." *Vickers v. State,* 715 S.W.3d 231, 233 (Mo. App. W.D. 2025).

In its judgment on a motion for post-conviction relief, the motion court must "acknowledge, adjudicate, or dispose of all the claims" raised in the motion. *Ward v. State,* 705 S.W.3d 727, 732 (Mo. App. W.D. 2025) (citation modified) (dismissing post-conviction appeal because motion court failed to address some of the claims asserted in movant's post-conviction relief motion); *see also Rogers,* 610 S.W.3d at 736 (dismissing post-conviction appeal because the motion court failed to address one of the claims for relief asserted by the movant).

Here, the motion court failed to adjudicate movant's claim 8(p) of the amended motion meaning there is no final judgment. Because there is no final judgment, "we are mandated to dismiss the appeal for lack of a final judgment." *Id.*

## Conclusion

The appeal is dismissed, and the cause is remanded to the motion court for further proceedings consistent with this opinion.

_____
Gary D. Witt, Presiding Judge

All concur

4